STATE of Iowa, Appellant,

v.

Vickey Joe EUBANKS, Appellee.

No. 83–1060.

Supreme Court of Iowa.

Sept. 19, 1984.

Thomas J. Miller, Atty. Gen., John P. Messina, and Marcia Mason, Asst. Attys. Gen., for appellant.

Robert A. Wright, Jr., Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER and WOLLE, JJ.

WOLLE, Justice.

In this Fourth Amendment search and seizure case, we must determine the constitutionality of a warrantless search of defendant's purse conducted as part of a lawful search of her automobile. Defendant Vickey Joe Eubanks was issued a citation on May 13, 1983 for possession of marijuana in violation of Iowa Code section 204.-401(3) (1983). Thereafter the district court sustained her motion to suppress the contraband which a state patrolman had seized from her purse. Upon discretionary review of that order, we conclude that the State established it had probable cause to search her lawfully stopped vehicle and therefore also could lawfully search the purse she had in the vehicle when it was stopped. Accordingly, we reverse and remand.

The facts of this case are essentially undisputed. On April 13, 1983 a state patrolman stopped defendant's vehicle because it had a faulty headlight. As the officer approached the car, he detected an odor of marijuana emanating from the interior. The patrolman asked defendant to step out of the vehicle, and she reluctantly complied, removing her purse from the car as she exited. While searching the interior of the car, the patrolman observed in an ashtray a pair of forceps clasping a small marijuana cigarette. He found no other evidence of marijuana inside the automobile. The patrolman then asked defendant to hand over her purse so that he could search it. Though defendant refused initially she relinquished the handbag upon the arrival of another officer. The patrolman searched the purse and found, hidden in a makeup case, a bag containing a green leafy-like substance which appeared to the officer to be marijuana. He thereafter issued her citations for the equipment violation and for possession of marijuana. Defendant was not placed in custodial arrest.

The district court sustained defendant's motion to suppress on the ground that the warrantless search violated defendant's federal constitutional rights. In this discretionary appeal, the State contends that the search of defendant's purse fell within the automobile exception to the warrant requirement and was incident to a lawful arrest. No state constitutional issue has been raised by either party. Because federal constitutional rights are involved, we review the case de novo in the light of the totality of the circumstances. State v. Oliver, 341 N.W.2d 25, 28 (Iowa 1983); State v. Schrier, 283 N.W.2d 338, 341–42 (Iowa 1979).

A search and seizure without a valid warrant is per se unreasonable unless it comes within a recognized exception to constitutional warrant requirements, such as consent, search incident to arrest, probable cause and exigent circumstances, or plain view. State v. Lamp, 322 N.W.2d 48,

53 (Iowa 1982); *State v. Schrier*, 283 N.W.2d at 342. In the absence of a warrant, the burden is on the State to demonstrate that a search and seizure was lawful. *State v. Oliver* 341 N.W.2d at 32; *State v. Ahart*, 324 N.W.2d 317, 318 (Iowa 1982); *State v. Shea*, 218 N.W.2d 610, 613 (Iowa 1974).

■ It is well established that a police officer may search an automobile without a warrant when probable cause and exigent circumstances exist. *See Coolidge v. New Hampshire*, 403 U.S. 443, 459–60, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564, 579 (1971); *State v. Holderness*, 301 N.W.2d 733, 736 (Iowa 1981); *State v. Olsen*, 293 N.W.2d 216, 218 (Iowa 1980). Here, the patrolman clearly had sufficient probable cause to search the vehicle and its contents. The patrolman smelled the odor of marijuana drifting from the car when he approached defendant, who was seated behind the steering wheel. The odor of that controlled substance in the automobile gave the patrolman reasonable cause to conduct a comprehensive search of the car. *See State v. King*, 191 N.W.2d at 655.

The problem this case presents is whether the State satisfied not only the probable cause requirement but also the requirement that exigent circumstances be present. The district court sustained defendant's motion to suppress on the ground that once the patrolman had directed defendant to exit the car, the exigency ordinarily present in vehicle searches had ended. The court noted that at that point, the officer could have conducted a warrantless search of the purse in either of two ways— by making a custodial arrest followed by a booking and inventory procedure, or by seizing but not opening the purse and thereby ensuring his own safety. The court concluded that the officer had not used either of those proper methods and therefore had no lawful basis for opening and searching the purse without a warrant.

We disagree with the trial court's ruling. This court has recognized two reasons for treating the warrant requirements differently for automobiles than for other private property. One reason is the inherent mobility of automobiles; the other is the diluted reasonable expectation of privacy resulting from the "configuration, use and regulation" of automobiles. *State v. Olsen*, 293 N.W.2d at 218 (*quoting Arkansas v. Sanders*, 442 U.S. 753, 761, 99 S.Ct. 2586, 2591, 61 L.Ed.2d 235, 243 (1979)). We have adopted the United States Supreme Court statement that the exigent circumstances requirement is satisfied "when the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." *Id.* (*quoting Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428 (1970)).

In addition, the United States Supreme Court has now simplified and expanded the scope of permissible warrantless automobile searches. In *United States .v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Court squarely addressed and answered in the affirmative the question whether police officers may open all containers found within a vehicle in the course of a legitimate warrantless search of a stopped vehicle. In *Ross* the police officers lawfully stopped a car believed to be carrying contraband. After ordering the driver to step out of the car, the officers discovered a bullet in the front seat. The legality of their subsequent search of the car's interior, including the glove compartment and trunk, was not disputed. The driver did, however, seek to suppress the contents of a paper bag and leather pouch discovered in the trunk, both of which were searched and seized without a warrant. The Court found that the police officers' search of those containers lawfully fell within the automobile exception to the warrant requirement. The Court concluded:

> We hold that the scope of the warrantless search authorized by that exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the

vehicle and its contents that may conceal the object of the search.

456 U.S. at 825, 102 S.Ct. at 2172, 72 L.Ed.2d at 594.

■ That language applies equally to the circumstances of this case. Once the patrolman lawfully stopped the car and had probable cause to search it for contraband, in this case marijuana, he could lawfully open and examine all containers within the vehicle from the time probable cause appeared. The exigency inherent in vehicle search cases is not necessarily dependent on whether the driver or passenger remains in or exits from the car before or during the search. Once the patrolman lawfully stopped the car and had probable cause to search for contraband, all containers within the car when it was stopped were fair game for the car search. Defendant had no right to insulate her purse or any other container from a lawful warrantless search by the simple expedient of physically removing the purse and its contents from the car while the search was in progress.

■ Defendant also argues that this search was unlawful because of the very private and personal character of the container here searched, defendant's purse. She asks that we recognize her reasonable expectation of privacy in such a personal item which she equates with any billfold or handbag ordinarily carried by or on a person.

The Fourth Amendment has been construed in some cases to protect from search and seizure certain types of property in which individuals may have a reasonable expectation of privacy. *Compare United States v. Chadwick*, 433 U.S. 1, 13, 97 S.Ct. 2476, 2483, 53 L.Ed.2d 538, 549 (1977) (reasonable expectation of privacy in locked footlocker targeted for search) *and United States v. Benson*, 631 F.2d 1336, 1339 (8th Cir.1980) (reasonable expectation of privacy in brown leather bag) *with State v. Schrier*, 283 N.W.2d at 346 (no reasonable expectation of privacy in a knapsack with a loose flap which easily could be pushed aside). Our court, however, has previously commented upon the diminished expectation of privacy involved when the object of a search is a stopped motor vehicle. *See State v. Olsen*, 293 N.W.2d at 218; *State v. Schrier*, 283 N.W.2d at 342. Further the United States Supreme Court in *Ross* has succinctly stated and held:

> [A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband.

456 U.S. at 823, 102 S.Ct. at 2171, 72 L.Ed.2d at 592–93. Regardless whether defendant would ordinarily have a reasonable expectation of privacy in her purse or billfold, that interest must yield to the State's legitimate interest in thoroughly searching lawfully stopped vehicles for contraband once there is probable cause for the vehicle search. Contrary to the district court's view, it makes no difference that the patrolman might have used other techniques for conducting a warrantless search of defendant's vehicle, such as making a custodial arrest or impounding and inventorying the vehicle. *See State v. Kuster*, 353 N.W.2d 428, 431 (Iowa 1984). Because the State established here each of the prerequisites for conducting a warrantless search of defendant's automobile based on probable cause, the trial court erred in suppressing the contraband found in her purse.

The State also contends that the warrantless search of defendant's purse was justified because the search was incident to a lawful arrest, while defendant responds that this arrest exception is limited to searches incident to custodial arrests. Because the warrantless search was justified under the automobile exception, we need neither address nor decide this second constitutional issue.

REVERSED AND REMANDED.