# IN THE COURT OF APPEALS OF IOWA

No. 14-2057
Filed March 9, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DAMIEN ALEXANDER CAGE,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Damien Cage appeals his conviction for possession of marijuana, alleging the district court wrongfully denied his pretrial motion to suppress. **AFFIRMED.**

Christopher A. Kragnes of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Sharon K. Hall, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

In September 2014, a jury found Damien Cage guilty of possession of marijuana in violation of Iowa Code section 124.401(5) (2013). Cage now timely appeals alleging the district court erred in denying his pretrial motion to suppress.

On May 17, 2014, Waterloo police officers responded to a report of vandalism to a home. The reporting party identified a blue Dodge Neon leaving the area as the vehicle containing the female suspect. Shortly thereafter officers stopped and approached a blue Dodge Neon in which Cage was a backseat passenger. The officers obtained the identification of the female operating the vehicle and then requested that the two male passengers, including Cage, identify themselves.[1] One officer indicated he was having difficulty hearing Cage and requested that Cage lower his window or open his door. The officers then asked if the occupants knew the vandalism suspect. After informing the vehicle occupants this was likely not the vehicle they were looking for—because the female driver's age did not fit the description of the suspect—the officers indicated they needed to get the occupants' identifying information and could then let them go. While looking at Cage's identification, one officer observed what he believed to be flakes of marijuana and marijuana seeds stuck to Cage's sweatpants, prompting the officer to ask Cage to move his arm. When Cage complied, the officer's suspicions were confirmed, and he asked Cage to exit the vehicle. Less than two minutes elapsed from the time the officers engaged in

---

[1] At the motion to suppress hearing, an officer testified that Cage offered to provide some form of identification to the officers. This testimony was confirmed by a second officer at trial.

conversation with the vehicle occupants to the time the officer asked Cage to get out of the vehicle. Upon Cage exiting the vehicle, the same officer observed more marijuana flakes on the seat where Cage had been sitting. An officer then searched the vehicle and found a small plastic bag of marijuana located on the floor of the car in front of where Cage had been seated.

Cage contends that, once the officers learned the individual driving the vehicle was not the person suspected of committing the vandalism, any reasonable suspicion giving rise to the investigative stop had ended. Thus, the vehicle and its occupants should no longer have been detained, and any evidence obtained after that point should have been suppressed.

Because Cage asserts the district court violated his constitutional rights in denying his motion to suppress, we review his claim de novo. *See State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). "A de novo review constitutes 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (quoting *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011)). We are not bound by the district court's factual determinations, but we can give them deference. *State v. Naujoks*, 637 N.W.2d 101, 106 (Iowa 2001).

Subject to certain exceptions, "a search or seizure must be conducted pursuant to a warrant." *State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010). One such exception "allows an officer to briefly stop an individual or vehicle for investigatory purposes when the officer has a reasonable, articulable suspicion that a criminal act has occurred, is occurring, or is about to occur." *Id.*; *see also State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013) ("A police officer can stop

and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot."). Cage does not appeal the district court's determination that the officers had the requisite reasonable suspicion for the initial stop of the vehicle. Instead, Cage argues the officers unlawfully extended the stop.

After stopping the vehicle at issue, the officers approached the driver and obtained her identification. Immediately thereafter the officers sought the names of the other occupants. Concurrent with this request for identifying information, the officers asked the vehicle occupants if they knew the vandalism suspect. The officers expressed the belief they may have the wrong car but indicated they still needed to verify the identities of the occupants. "The purpose of an investigatory stop is to allow a police officer to confirm or dispel suspicions of criminal activity through reasonable questioning." *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002). The entire inquiry leading up to the discovery of controlled substances on Cage took less than two minutes and was part of the officers' assessment of the vehicle occupants' possible involvement with or knowledge of the vandalism suspect. The seizure was reasonably limited in scope and duration, *see Florida v. Royer*, 460 U.S. 491, 500 (1983), and the officers' inquiry did not "measurably extend the duration of the stop," *Arizona v. Johnson*, 555 U.S. 323, 333 (2009).

During the course of that limited inquiry—with which Cage voluntarily complied—an officer observed seeds and flakes of marijuana on Cage's person. "It is well established that a police officer may search an automobile without a

warrant when probable cause and exigent circumstances exist." *State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984). Having discovered indicia of controlled substances on Cage, the officers had the requisite probable cause and exigent circumstances to search the car. *See id.* (holding the smell of burnt marijuana sufficient to authorize a vehicle search); *see also State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000); *State v. Peterson*, No. 04-0727, 2005 WL 600005, at *3 (Iowa Ct. App. Mar. 16, 2005) (noting probable cause and exigent circumstances were present due to "the odor of marijuana, the marijuana stems and seeds observed, and the remnants of cigars" found in the car). On our de novo review and having considered the totality of the circumstances, we find the duration of the seizure was reasonably limited in scope and duration and affirm the district court.

**AFFIRMED.**