# IN THE COURT OF APPEALS OF IOWA

No. 16-0470
Filed April 19, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**SHANNON SEE,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge (motion to suppress), and Joel A. Dalrymple, Judge (trial and sentencing).

Shannon See appeals her convictions and sentences for possession of a prescription drug and possession of a controlled substance, following a trial on the minutes. **REVERSED AND REMANDED.**

Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Kristin A. Guddall (until withdrawal), Assistant Attorneys General, for appellee.

Heard by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Shannon See appeals her convictions and sentences following a trial on the minutes of testimony for one count of possession of a prescription drug and one count of possession of a controlled substance, both serious misdemeanors. See claims the district court erred in denying her motion to suppress. Upon our review, we reverse See's convictions and remand for new trial on the basis the motion to suppress should have been granted because there was no probable cause to search See's vehicle. We find this issue dispositive and do not reach See's other claims.

I.    **Background Facts and Proceedings**

On February 17, 2015, at about 2:45 a.m., an officer with the Waterloo Police Department was dispatched to a local gas station after receiving a report from the gas station clerk of a suspicious occupied vehicle that had been parked in front of the store at the gas pump for approximately thirty minutes. An officer arrived at the scene, pulled in directly behind the vehicle, and activated the patrol car's lights before approaching See's vehicle. The officer observed See in the driver's seat, Trivino Clark in the front passenger seat, and an infant in the back seat. The officer informed See and Clark that a gas station employee had called the police about a suspicious vehicle that had been there for an extended period of time and asked them why they were parked there. See replied they had been parked there because "[Clark] had to go get money for gas." The officer then asked for both See's and Clark's identification. After running their identifications back in his car, the officer learned Clark had an outstanding warrant for his arrest for failure to appear. Two additional officers then arrived at the scene.

The first officer returned to See's vehicle, informed Clark there was a warrant for his arrest, and placed Clark under arrest without incident. The officer conducted a search of Clark's person outside of the vehicle incident to his arrest and found a glass pipe containing marijuana residue and ash in Clark's jacket pocket. An officer then escorted Clark to the back of a patrol car. The officer later testified at the suppression hearing that he could smell marijuana and alcohol emanating from Clark. The officer did not smell marijuana coming from the vehicle or any of its passengers while they were in the vehicle. The officer also testified he could not recall whether the pipe found in Clark's pocket was warm or cold.

An officer informed See they had found a marijuana pipe on Clark and needed to search her vehicle. See initially refused to get out of the car but eventually agreed to the officers' demands after she was told she could be arrested if she did not comply. An officer observed an orange and white pill bottle in the front pocket of See's hoodie as she exited the vehicle. See attempted to take her purse out of the car with her, but an officer told her to leave it; See complied. One officer searched the vehicle while another officer asked See to empty her pockets. See did not remove the pill bottle from her pocket or acknowledge that she had it, stating she only had money and cigarettes with her.

The officer searching the vehicle indicated he had found marijuana in See's purse, and she was placed under arrest. After she was handcuffed, an officer searched her person and found the unmarked pill bottle, which contained several different types of prescription pills, a plastic bag with a glass pipe and two different types of pills, and a pipe wrapped in tissue containing

methamphetamine residue. See claimed she had a prescription for one of the pills in the bottle. The officers also found a bag in See's car containing a digital scale and marijuana.

The State filed a trial information charging See with one count of possession of a prescription drug, in violation of Iowa Code section 155A.21 (2015), and one count of possession of a controlled substance, methamphetamine, in violation of section 124.401(5).

See filed a motion to suppress challenging both the detention of her vehicle and the subsequent searches and seizure of her person and vehicle under both the Fourth Amendment of the U.S. Constitution and article I, section 8 of the Iowa Constitution. The district court denied See's motion, concluding the seizure of See's person and her vehicle was justified under the community caretaking exception to the warrant requirement and the subsequent searches of her person and the vehicle were supported by probable cause and exigent circumstances.

The case proceeded to trial on the minutes of testimony, following which the court found See guilty of one count of possession of a prescription drug and one count of possession of a controlled substance. The court sentenced See to ninety days in jail on each count to run concurrently, suspended the sentences, placed her on probation for a period of one year, and imposed fines plus surcharges and fees. See appeals.

## II.     Standards and Scope of Review

Because See asserts the district court violated her constitutional rights in denying her motion to suppress, we review her claim de novo. *See State v.*

*Coleman*, 890 N.W.2d 284, 286 (Iowa 2017). "We independently evaluate the totality of the circumstances found in the record, including the evidence introduced at both the suppression hearing and at trial." *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015) (quoting *State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010)). We are not bound by the district court's credibility determinations, but we can give them deference. *See State v. Naujoks*, 637 N.W.2d 101, 106 (Iowa 2001).

### III.    Analysis

See asserts the warrantless seizure of her vehicle and her person and subsequent searches of her vehicle and her person violated her constitutional rights under the Fourth Amendment of the U.S. Constitution and under article I, section 8 of the Iowa Constitution. She does not argue that we should evaluate her claims differently under the two constitutional provisions. The U.S. Constitution and the Iowa Constitution both grant protections against unreasonable searches and seizures. *See* U.S. Const. amend. IV; Iowa Const. art. I, sec. 8. "We follow an independent approach in the application of our state constitution." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). "However, when a party does not argue an independent approach, 'we ordinarily apply the substantive federal standards but reserve the right to apply the standard in a fashion different from federal precedent.'" *Id.* (quoting *State v. Tyler*, 830 N.W.2d 288, 291–92 (Iowa 2013)).

See claims the seizure of her vehicle and her person was unlawful and not supported by reasonable suspicion of criminal activity or any exception to the

warrant requirement. She also claims the subsequent searches of her vehicle and her person were without probable cause and exigent circumstances.

"Searches conducted without a warrant are per se unreasonable, 'subject only to a few specifically established and well-delineated exceptions.'" *State v. Watts*, 801 N.W.2d 845, 850 (Iowa 2011) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). Iowa law recognizes exceptions to the warrant requirement for "searches based on consent, plain view, probable cause coupled with exigent circumstances, searches incident to arrest, and those based on the emergency aid exception." *State v. Lewis*, 675 N.W.2d 516, 521 (Iowa 2004). The State has the burden of proving by a preponderance of the evidence that an exception to the warrant requirement applies. *State v. Simmons*, 714 N.W.2d 264, 272 (Iowa 2006). If the State fails to meet its burden, evidence obtained in violation of the warrant requirement is inadmissible. *State v. Crawford*, 659 N.W.2d 537, 541 (Iowa 2003).

See contends the officers did not have probable cause to search her vehicle because the odor of marijuana was emanating from Clark's person instead of the vehicle itself, the pipe containing marijuana residue and ash was found on Clark's person in a search incident to his arrest and the officer did not testify the pipe was warm,[1] she did not appear to be under the influence of any substances, and there was no evidence of drugs or drug paraphernalia in plain view in her vehicle.

---

[1] A warm pipe could have been evidence to suggest it had been recently smoked in the vehicle.

The State does not assert the searches of See's vehicle and her person were lawful incident to Clark's arrest. *See Gaskins*, 866 N.W.2d at 5. Instead, the State argues the officers had probable cause to search See's vehicle and its contents—including her purse—when an officer smelled marijuana emanating from Clark's person after he exited See's vehicle and the officers found a pipe containing marijuana ash and residue in his jacket pocket during the search of his person, which they conducted incident to his arrest for the outstanding warrant. Then, once the officers discovered marijuana in See's purse, they could lawfully search her incident to her arrest. *See Lewis*, 675 N.W.2d at 522.

"Probable cause for a vehicle search exists when the facts and circumstances would lead a reasonably prudent person to believe that the vehicle contains contraband." *State v. Edgington*, 487 N.W.2d 675, 678 (Iowa 1992) (quoting *United States v. Strickland*, 902 F.2d 937, 942 (11th Cir. 1990)). "The facts and circumstances upon which a finding of probable cause is based include 'the sum total . . . and the synthesis of what the police have heard, what they know, and what they observe as trained officers.'" *Id.* (quoting *Strickland*, 902 F.2d at 942–43). "[P]robable cause need not rise to the level of proof required for conviction, or even indictment, [but] it requires 'more than bare suspicion.'" *State v. Horton*, 625 N.W.2d 362, 365 (Iowa 2001) (citation omitted). In considering whether the officers had probable cause to search See's vehicle, we conduct "an independent evaluation of the totality of the circumstances as shown by the entire record." *State v. Maddox*, 670 N.W.2d 168, 171 (Iowa 2003) (quoting *Crawford*, 659 N.W.2d at 541).

There is no dispute the officers would have had sufficient probable cause to search See's vehicle and its contents had they observed evidence of drugs or other illegal activity in plain view within the car. *See, e.g.*, *State v. Cullor*, 315 N.W.2d 808, 811 (Iowa 1982) ("Items in plain view within a car, viewed by police officers standing outside the car where they have a right to be, can furnish probable cause for a subsequent search of the car."); *see also State v. Eubanks*, 355 N.W.2d 57, 60 (Iowa 1984) ("Once the patrolman lawfully stopped the car and had probable cause to search for contraband, all containers within the car when it was stopped were fair game for the car search. Defendant had no right to insulate her purse or any other container from a lawful warrantless search by the simple expedient of physically removing the purse and its contents from the car while the search was in progress."). There is also no dispute there would have been probable cause if the officers had smelled marijuana or another illegal substance emanating from See's vehicle. *See, e.g.*, *Eubanks*, 355 N.W.2d at 59 (holding the odor of burnt marijuana emanating from the interior of the defendant's car was sufficient probable cause to authorize a vehicle search). However, the officers in this case observed neither of these telltale signs. Further, See did not appear nervous to the officers. *See State v. Predka*, 555 N.W.2d 202, 207 (Iowa 1996). The officers had no particularized knowledge of any history of drug use or activity by See. *See State v. Goddard*, No. 14-1076, 2015 WL 3914327, at *4 (Iowa Ct. App. June 24, 2015). And See did not appear to be under the influence of any drugs at the time. *Id.* In short, there were no factors present in this case to suggest the officers would find evidence of criminal

activity in See's vehicle other than the used marijuana pipe that the officers found in See's passenger's coat pocket.

Accordingly, we find there was not probable cause to conduct a warrantless search of See's vehicle. Thus, evidence seized as a result of the search of See's vehicle and subsequent search of her person should have been suppressed. Because we find there was insufficient cause to search See's vehicle, we decline to address See's other claims.

We reverse See's convictions and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**