# IN THE COURT OF APPEALS OF IOWA

No. 16-1272
Filed April 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN CHARLES PICKERING,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

A defendant appeals his conviction for possession of methamphetamine (first offense), in violation of Iowa Code section 124.401(5) (2016). **AFFIRMED.**

Charles J. Kenville of Kenville Law Firm, P.C., Fort Dodge, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Following a bench trial on the minutes of testimony, John Pickering was convicted of possession of methamphetamine (first offense), in violation of Iowa Code section 124.401(5) (2016).

The defendant contends the district court erred in denying his motion to suppress evidence obtained as a result of a warrantless search of the defendant's vehicle without probable cause following a lawfully initiated traffic stop. The argument is without merit. After initiating the traffic stop, the deputy detected the smell of marijuana wafting from the vehicle as the driver was exiting the vehicle. This is sufficient to establish probable cause to search further. *See State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984) ("It is well established that a police officer may search an automobile without a warrant when probable cause and exigent circumstances exist. Here, the patrolman clearly had sufficient probable cause to search the vehicle and its contents. The patrolman smelled the odor of marijuana drifting from the car when he approached defendant, who was seated behind the steering wheel. The odor of that controlled substance in the automobile gave the patrolman reasonable cause to conduct a comprehensive search of the car." (citations omitted)).

The defendant also contends his conviction is unconstitutional because his possession of controlled substances is part of his free exercise of sincerely held religious beliefs. The defendant never obtained a ruling on this issue. Error is not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to

preserve error for appeal."). Even if error had been preserved, the argument is without merit. *See State v. Olsen*, 315 N.W.2d 1, 8–9 (Iowa 1982) (rejecting free exercise claim with regard to marijuana use).

The defendant's conviction is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**