# IN THE COURT OF APPEALS OF IOWA

No. 17-0705
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LYDELL JEROME STEWART,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.


A defendant appeals his conviction asserting the district court erred in denying his motion to suppress evidence. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Lydell Stewart was found guilty, following a bench trial on the minutes of evidence, of possession of a controlled substance, marijuana. On appeal, he claims the district court erred in denying his motion to suppress evidence discovered during the warrantless search of the vehicle he was driving because the police officer lacked probable cause. Because we agree with the district court that the automobile exception applies to this set of facts, we affirm the district court's denial of Stewart's motion to suppress.

On April 7, 2016, a Black Hawk County Sheriff's Deputy pulled over Stewart for a broken taillight. Stewart was driving his girlfriend's vehicle. As the deputy approached the vehicle, Stewart rolled down the driver's side window, and the deputy smelled a "very strong" odor of marijuana coming from inside the vehicle. During the deputy's twelve years with the Sheriff's office, he had extensive experience detecting the smell of marijuana and estimated he encountered the smell almost daily. The deputy also noticed Stewart had bloodshot and watery eyes. The deputy then asked Stewart about the odor, and Stewart admitted to smoking marijuana earlier but not while he was in the vehicle. The deputy called for backup; while one officer stood with Stewart between the stopped vehicle and the deputy's vehicle, another sheriff's deputy approached the passenger window of the stopped vehicle and detected a "faint" odor of marijuana coming from the vehicle.

The deputy performed a pat-down search of Stewart, but he did not locate anything illegal. Stewart maintained he did not smoke in the vehicle, but the deputy performed a search of the vehicle. The deputy believed he located a marijuana

cigarette or blunt—approximately two to three inches long—and possibly some used marijuana cigarettes, or "roaches," in the center console area. The backup deputy smelled the cigarette or blunt and also believed it contained marijuana.

Stewart filed a motion to suppress the marijuana found during the vehicle search. After a hearing, the district court denied the motion. Stewart waived his right to a jury trial, and stipulated to the minutes of evidence. The court found Stewart guilty and sentenced him to 180 days in jail—all but thirty days suspended—and placed him on probation. He appeals, contesting the district court's denial of his motion to suppress.

Warrantless searches are per se unreasonable unless they fall within the carefully drawn exceptions to the warrant requirement. *State v. Gaskins*, 866 N.W.2d 1, 7 (Iowa 2015).[1] One of those exceptions is probable cause coupled with exigent circumstances, which is termed the automobile exception when applied to motor vehicles. *Storm*, 898 N.W.2d at 145. Stewart contends the marijuana smell, noticed by both deputies, emanating from his vehicle does not provide probable cause to search the vehicle because it was possible the odor came from another source—Stewart's clothing from smoking earlier. Moreover, Stewart asserts the deputy lacked probable cause because the deputy did not find any marijuana on him during the pat-down search and because he cooperated by admitting he had smoked marijuana earlier.

---

[1] Stewart asserts we should find "the Iowa Constitution requires more than the smell of marijuana alone to constitute probable cause to search." We decline to extend beyond what our supreme court has articulated as the standard applicable in Iowa. *See State v. Storm*, 898 N.W.2d 140, 142 (Iowa 2017) (electing to retain the automobile exception); *see also State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

In addressing the smell of marijuana supporting a vehicle search, our supreme court has held "a trained officer's detection of a sufficiently distinctive odor, by itself or when accompanied by other facts, may establish probable cause." *State v. Watts*, 801 N.W.2d 845, 854 (Iowa 2011); *accord State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984) (holding probable cause existed after patrolman smelled marijuana drifting from the car when defendant was seated behind the steering wheel). Therefore, despite Stewart's argument that the deputy lacked probable cause because he had no reason to think Stewart was lying and the odor could have come from Stewart's clothing, the deputy had probable cause to search the vehicle. The deputy testified that Stewart had bloodshot, watery eyes and admitted to smoking marijuana. In addition, the deputy testified that he detected the odor of marijuana emanating from Stewart's vehicle, which was sufficient, by itself, to provide the probable cause to search the vehicle.

**AFFIRMED.**

.