# IN THE COURT OF APPEALS OF IOWA

No. 17-1460
Filed January 9, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MICHELLE M. SWENSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, James B. Malloy, District Associate Judge.

Michelle Swenson appeals a district court verdict and sentence for possession of methamphetamine, second offense. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Heard by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Michelle Swenson appeals a district court verdict and sentence for possession of methamphetamine, second offense. She argues the court should have granted her motion to suppress evidence seized in a warrantless search of her purse.

## I.    *Background Facts and Proceedings*

An Ames police officer saw a vehicle he recognized pull into the parking lot of a convenience store. After running the license plate number, he suspected the driver was an individual he had encountered in the past who was not authorized to drive. He drove into the parking lot, approached the vehicle, recognized the driver, and told him he was "not supposed to be driving." He instructed the driver to step out of the vehicle. After noticing a pocket knife, the officer patted him down and discovered a methamphetamine pipe in his pocket. The driver was arrested.

Michelle Swenson was a passenger in the vehicle. The officer advised her to step out so that he could search the vehicle. Swenson did so but left her purse on the passenger seat. The officer searched the purse and found drug paraphernalia and a "small baggy containing methamphetamine."

The State charged Swenson with possession of methamphetamine, second offense. *See* Iowa Code § 124.401(5) (2017). Swenson moved to suppress the evidence gained in the search of her purse, arguing in part that the officer lacked probable cause to conduct the search. Following an evidentiary hearing, the district court denied the motion. The court reasoned that "[t]he search of defendant's purse was valid under the automobile exception to the warrant requirement." Swenson appealed.

## II.    *Suppression Ruling*

The Iowa Supreme Court recently articulated the parameters of the automobile exception:

> The Supreme Court has recognized a "specifically established and well-delineated" exception to the warrant requirement for searches of automobiles and their contents. "[T]his exception is applicable when probable cause and exigent circumstances exist at the time the car is stopped by police." The inherent mobility of motor vehicles satisfies the exigent-circumstances requirement.
> The automobile exception rests on twin rationales: (1) the inherent mobility of the vehicle, and (2) the lower expectation of privacy in vehicles compared to homes and other structures.

*State v. Storm*, 898 N.W.2d 140, 145 (Iowa 2017) (internal citations omitted). The court stated, "We have continued to follow the federal automobile exception for decades" and "[w]e are not persuaded to chart a different course today." *Id.* at 148.

Swenson acknowledges our highest court's reaffirmation of the automobile exception but argues the probable cause predicate was not satisfied. First, she asserts "there was no probable cause to search the vehicle" because the pipe found in the driver's pocket could have been "used for the ingestion of legal substances in addition to illegal substances" and there was "no information supporting the conclusion that the pipe was used to smoke methamphetamine rather than a legal substance." Second, Swenson argues "[E]ven if there was probable cause to search the vehicle based on conduct of the driver, the search of [her] purse as a container within that vehicle was not authorized" because "[t]here was no probable cause to conclude that [she] was involved in any criminal activity." On our de novo review, we disagree with both contentions.

The officer testified to his training and knowledge of "different paraphernalia associated with drug use." He identified the item found in the driver's pocket as a "meth pipe." Based on his training and experience, he agreed the pipe was "used for the ingestion of methamphetamine." The officer's observations established probable cause to search the vehicle. *See State v. Predka*, 555 N.W.2d 202, 207 (Iowa 1996) (finding probable cause to search the vehicle based in part on the officer's observation of a screen used with a marijuana pipe); *cf. State v. See*, No. 16-0470, 2017 WL 1400822, at *3 (Iowa Ct. App. Apr. 19, 2017) (finding an absence of probable cause to search a vehicle where a used marijuana pipe was found in a passenger's coat pocket).

We turn to the officer's search of Swenson's purse. Probable cause to search the vehicle vested the officer with probable cause to search containers within the vehicle. *See State v. Eubanks*, 355 N.W.2d 57, 60 (Iowa 1984) ("Once the patrolman lawfully stopped the car and had probable cause to search it for contraband, in this case marijuana, he could lawfully open and examine all containers within the vehicle from the time probable cause appeared."); *cf. State v. Brown*, 905 N.W.2d 846, 847 (Iowa 2018) (concluding officers executing a search warrant on a home could not search a purse belonging to a visitor).

We affirm the district court's denial of Swenson's suppression motion and her "verdict and sentence" for possession of methamphetamine, second offense.[1]

**AFFIRMED.**

---

[1] In her brief, Swenson raised an alternative claim of ineffective assistance of counsel. Having reached her suppression argument on the merits, we find it unnecessary to address the issue.