## IN THE COURT OF APPEALS OF IOWA

No. 21-1808
Filed August 3, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ROBERT DARNELL LUCKETT, III,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell,
District Associate Judge.

Robert Luckett appeals the denial of his motion to suppress evidence.
**AFFIRMED.**

William P. Baresel of Walk, Prichard, Baresel & Murphy, PC, Charles City,
for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney
General, for appellee State.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Police officers saw Robert Luckett make a turn in his vehicle without using a turn signal. After following Luckett and eventually stopping his vehicle, the officers smelled a strong odor of marijuana coming from the vehicle. Based on the odor of marijuana, the officers searched the vehicle and found a large amount of marijuana in the trunk. The State charged Luckett with possession with intent to deliver marijuana and failure to affix a drug-tax stamp. *See* Iowa Code §§ 124.401(1)(d) (making it a class "D" felony to possess marijuana with intent to deliver it), 453B.12 (making it a class "D" felony to possess forty-two and one-half grams or more of marijuana without affixing an appropriate tax stamp) (2018).

Luckett moved to suppress all evidence obtained from the stop of his vehicle and the following search of it. He argued that the testimony regarding his failure to use his turn signal is unreliable and, without evidence of a traffic violation, the stop of his vehicle was unlawful.[1] He also argued that hemp and marijuana have the same smell and, because he claims hemp is legal to possess under federal law, the smell of marijuana can no longer serve as a basis for probable cause to justify a search of his vehicle. The district court denied his motion. The parties stipulated to a trial on the minutes, following which the district court found Luckett

---

[1] At the suppression hearing, the officers gave two reasons for the stop of Luckett's vehicle. The first was the allegation that Luckett failed to use his turn signal. The second was the allegation that the officers could smell marijuana while following at a distance behind Luckett's vehicle. Luckett challenged both bases for the stop at the district court and does the same here. As we find the turn-signal basis dispositive, we need not and do not address the smell of marijuana as a basis for the stop.

guilty of both charges. He was adjudicated guilty of the offenses and sentenced. Luckett appeals, challenging the suppression ruling.

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Hague*, 973 N.W.2d 453, 458 (Iowa 2022) (quoting *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019)). This means "[w]e review the entire record to independently evaluate the totality of the circumstances and examine each case 'in light of its unique circumstances.'" *Id.* (quoting *Brown*, 930 N.W.2d at 844). "We give considerable deference to the trial court's findings regarding the credibility of the witnesses, but we are not bound by them." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

Luckett contends his state and federal constitutional rights to be free from an unreasonable seizure and search were violated. See *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013) ("Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government."). However, he does not argue for a different interpretation under the Iowa Constitution, so we generally apply the substantive federal standards. *See id.*

We start with Luckett's challenge to the stop. A traffic stop is a seizure, so it must be supported by probable cause or reasonable suspicion in order to be lawful. *Id.* at 292. An officer who observes a traffic offense—however minor—has probable cause to stop the vehicle's driver. *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). In this case, the traffic offense at issue is a violation of Iowa

Code section 321.314, which prohibits making a turn without "giving an appropriate signal in the manner" described in sections 321.315 through .318.

Luckett does not challenge the legal principle that an officer may conduct a traffic stop after observing a traffic violation. He also does not challenge the notion that a violation of section 321.314 occurred if he did not use his turn signal before making a turn. Instead, he challenges the district court's factual finding that he did not use his turn signal. He contends the officers' testimony that he did not use his turn signal lacks credibility. He bases this contention on the fact that the alleged failure to use a turn signal is not captured on the dash camera video of the stop, as the alleged failure to use his turn signal occurred before the video recording began capturing the events. Luckett also points to the fact that, in subsequent turns that were captured on the video recording, he used his turn signal.

On our de novo review, we reject Luckett's challenge to the stop. He made the same arguments to the district court, but the district court rejected them, expressly finding the officers' testimony about Luckett's failure to use a turn signal to be credible. We give this credibility finding "considerable deference," as the district court is in a better position than us to assess credibility of witnesses because it has the opportunity to observe the witnesses while we don't. *See Tague*, 676 N.W.2d at 201. After giving the district court's factual finding considerable deference, coupled with the fact that there was no competing evidence, we find that Luckett failed to use his turn signal in making a turn, so there was probable cause to believe a violation of Iowa Code section 321.314 occurred. The fact that Luckett used his turn signal when making subsequent turns while being followed by the officers does not change our conclusion, as "[i]t is hardly

surprising that the appearance of a marked police car would inspire more careful driving for a time." *See Navarette v. California*, 572 U.S. 393, 403 (2014). In short, there was probable cause to stop Luckett for committing a traffic violation, so the stop was lawful.

In addition to challenging the stop, Luckett also challenges the subsequent search of his vehicle. The State justifies the search based on the smell of marijuana the officers detected after the stop. An officer's detection of the smell of marijuana coming from a vehicle establishes probable cause to search the vehicle. *See State v. Watts*, 801 N.W.2d 845, 854 (Iowa 2011) (finding the smell of marijuana coming from an apartment provided probable cause to obtain a warrant to search the apartment); *State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984). Luckett contends that the smell of marijuana no longer establishes probable cause for a vehicle search because the federal government legalized possession of hemp with 2018 legislation. *See* Agriculture Improvement Act of 2018, Pub. L. No. 115-334, §§ 10113, 12619, 132 Stat. 4490, 4908, 5018 (codified at 7 U.S.C. §§ 1639o–1639s, 21 U.S.C. § 802). Luckett asserts that the smell of hemp is indistinguishable from the smell of marijuana, and, since he claims possession of hemp is legal under federal law, officers cannot assume the smell they detected was marijuana, which is illegal to possess, rather than hemp, which is legal to possess.

There are several problems with Luckett's argument. First, there is no evidence in the record that the smell of hemp is indistinguishable from the smell of marijuana, so the entire premise upon which Luckett's argument is based has no factual support in the record. Second, Luckett cites no legal authority in support

of his claim that the alleged federal legalization of hemp negates the authority that allows Iowa law enforcement to search a vehicle after detecting the smell of marijuana. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Finally, even if we assume hemp has been legalized and the smell of hemp is indistinguishable from the smell of marijuana, it does not help Luckett. Possessing marijuana is currently illegal in Iowa. Iowa Code § 124.401(5). Therefore, the smell of marijuana coming from the vehicle provided probable cause to believe there was marijuana in the vehicle. Even if that same smell could have come from hemp, a potentially innocent explanation does not undermine probable cause of an unlawful explanation. *See State v. Tipton*, 897 N.W.2d 653, 687 (Iowa 2017) ("While there might conceivably be innocent explanations, probable cause does not require certainty."). The smell of marijuana coming from Luckett's vehicle established probable cause to believe there was marijuana in the vehicle, which justified a search of the vehicle. *Eubanks*, 355 N.W.2d at 59. Accordingly, we reject Luckett's challenge to the search.

In summary, both the stop of Luckett and the subsequent search of his vehicle were within constitutional limits. As a result, we affirm the district court's order denying his motion seeking to suppress evidence.

**AFFIRMED.**