# IN THE COURT OF APPEALS OF IOWA

No. 22-1081
Filed June 21, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANDREW JAMES RICHARDSON,**
    Richardson-Appellant.
_____

Appeal from the Iowa District Court for Monroe County, Gregory G. Milani,

Judge.

Andrew Richardson appeals the district court's denial of his motions to

suppress. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

The mother of a teen informed the Albia Police Department that the teen had been Snapchatting with an unknown male who asked her for nude photos. The teen sent the photos, and the male stated he would come to Albia to have sex with her.

The assistant police chief applied for and obtained search warrants directed to Snapchat. Snapchat identified the account information and IP address together with the timeframe during which the account was used. After learning the owner of the account was a limited liability company, the police department obtained another search warrant to identify the name of the person on the account. That person turned out to be Andrew Richardson.

The assistant police chief and another officer went to Richardson's house. On the way to the house, the assistant police chief conferred with the county attorney, who told him that if he developed probable cause "to believe the phone was the one used for the Snapchat," he "had the right to seize the phone" to prevent concealment or destruction.

Richardson's fiancé invited the officers into the house. Richardson, who was inside, discussed the internet service at the house, the fact it was in his name, and the fact that it was password protected. Richardson's fiancé said she did not know the password. The assistant chief gleaned from the conversation that "a limited number of people . . . could access" the internet connection. He asked Richardson about several girls. Richardson said he knew the names of two of them. He admitted to previously having a Snapchat account. He said he deleted the account because his fiancé's sister accused him of "inappropriate things."

The assistant chief then spoke privately to Richardson about the nude photos. He informed Richardson he was going to take his cell phone for evidence. The assistant chief followed Richardson to his bedroom to retrieve the phone and told him to remove the password. He later obtained a search warrant to recover the phone's contents.

The State charged Richardson with various crimes. Richardson filed two motions to suppress. The district court denied the motions following evidentiary hearings. The court held a trial on the minutes of evidence and found Richardson guilty of two counts of sexual exploitation of a minor. The court later imposed judgment and sentence.

On appeal, Richardson argues the warrantless seizure of his cell phone violated his constitutional rights. In his view, "other individuals . . . had access to the password-protected Wi-Fi in his home, including a number of his male relatives" and the district court's "findings were not sufficiently particularized to" him. He also contends the court "erroneously found there were exigent circumstances."

"The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect persons from unreasonable searches and seizures." *State v. Reinders*, 690 N.W.2d 78, 81 (Iowa 2004) (citation omitted). "A search and seizure without a valid warrant is per se unreasonable unless it comes within a recognized exception to constitutional warrant requirements, such as . . . probable cause and exigent circumstances . . . ." *State v. Eubanks*, 355 N.W.2d 57, 58 (Iowa 1984). "An officer has probable cause to investigate when 'a person of reasonable prudence would believe a crime has

been committed or that evidence of a crime might be located in the particular area to be searched.'" *State v. Hunt*, 974 N.W.2d 493, 498 (Iowa 2022) (citation omitted). The ability to easily delete the contents of a cell phone satisfies the exigency requirement. *See State v. Sumpter*, No. 17-1622, 2018 WL 4360981, at *2 (Iowa Ct. App. Sept. 12, 2018).

With respect to probable cause, the district court determined, "A person of reasonable prudence would believe that [Richardson's] cell phone might contain evidence of th[e] crime" of sexual exploitation of a minor. On the exigency requirement, the court noted that Richardson was apprised of the nature of the investigation and "the warrantless seizure was necessary to keep potential evidence from being destroyed." Reviewing the record de novo, we agree on both counts.

We affirm the district court's denial of the suppression motion and Richardson's conviction, judgment, and sentence.

**AFFIRMED.**