**STATE of Iowa, Appellee,**

v.

**Michael LONGO, Appellant.**

No. 98–976.

Supreme Court of Iowa.

March 22, 2000.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas Andrews, Assistant Attorney General, John P. Sarcone, County Attorney, and Jamie Bowers, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Michael Longo, appeals from conviction by jury trial of the offenses of possession of marijuana and possession of methamphetamine, both in violation of Iowa Code section 124.401(5) (1997), and from the sentences imposed for those offenses. He contends that the district court erred in not suppressing evidence obtained when law enforcement officers searched the trunk of the motor vehicle he had been operating after stopping him for a traffic violation. He also contends that the court considered improper factors in imposing sentence. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

On August 21, 1997, an Iowa State Trooper, Mark Carlson, stopped a Cadillac automobile being driven by Longo on Interstate Highway 80 based on Longo's failure to wear a seat belt. As the trooper approached the passenger side of the vehicle, he could smell a strong odor of burnt marijuana. He took Longo back to his vehicle and asked him where he had been and where he was going. Carlson next returned to the parked Cadillac and asked the passenger in that vehicle, Debra Newlin, the same question. Longo and Newlin gave conflicting stories. Longo told the trooper that the pair had come to Des Moines from Omaha that morning, had spent some time at the Prairie Meadows Casino, and were en route back to Omaha when stopped by the trooper. Newlin told the trooper that the couple had traveled from Omaha to Minneapolis the night before and were en route back to Omaha when stopped.

When returning from the patrol car to the subjects' car in order to question Newlin further about their stories, Carlson observed her vigorously fanning herself and bending low in her seat so as to be nearly unobservable at times. He testified that she was very nervous throughout his conversation with her.

After asking both Longo and Newlin to repeat these stories, trooper Carlson asked Longo to sign a document consenting to a search of the vehicle. Longo informed the officer that he had no authority to issue such consent because it was Newlin's automobile. The trooper asked him if he minded if he searched the vehicle anyway, to which Longo replied that he did not care. An audio transcription of trooper Carlson's conversation indicates that he made up his mind to search the vehicle based on probable cause. He never requested consent from Newlin. Trooper Carlson searched the passenger area of the vehicle, where he continued to smell burnt marijuana, but found no evidence of that substance or another controlled substance. Using a button in the glove compartment, he then opened the trunk in which he discovered a bag of marijuana, several marijuana plants, and a bag of methamphetamine. Later, during a more detailed search of the vehicle, a marijuana cigarette was located under the front seat of the car.

At Longo's trial, the jury did not find him guilty as charged of possession of the two controlled substances (marijuana and methamphetamine) with intent to deliver. Rather, the jury found him guilty of the lesser included offense of simple possession on both charges. A third charge against Longo for failure to affix a drug tax stamp resulted in a mistrial based on the jury's inability to agree. On the

charges for which he was convicted, Longo was sentenced to one year in jail on the methamphetamine charge and six months in jail on the marijuana charge. The sentences were ordered to run consecutively. In addition, Longo was fined $2000.

At the time of sentencing, the court commented on the fact that it did not believe Longo's version of the story and that, if the case had been tried to the court, he would have been found guilty of possession with intent to deliver rather than simple possession. Other facts that aid in our consideration of this case will be discussed in connection with our review of the legal issues presented.

### I. *The Suppression Issue.*

■ Longo does not contest the fact that trooper Carlson was authorized to stop the vehicle after observing a seat belt violation of which Longo concedes he was guilty. He argues, however, that the search of the vehicle's trunk was undertaken without probable cause, a circumstance that he urges required the district court to suppress any evidence obtained from that search.

In *State v. Eubanks,* 355 N.W.2d 57 (Iowa 1984), this court held that the smell of burnt marijuana emanating from a motor vehicle was sufficient to authorize a comprehensive search of the vehicle. *Eubanks,* 355 N.W.2d at 59. That search had produced a partly burnt marijuana cigarette. We further held that after locating that evidence there was probable cause to search the passenger's handbag. *Id.* at 60. Longo urges that *Eubanks* stands for the proposition that the mere smell of burnt marijuana in a motor vehicle only establishes probable cause to search the passenger area of the vehicle. He contends that, unless some evidence of the source of the smell is discovered in that area (as was the case in *Eubanks* ), probable cause does not exist for a search of the vehicle's trunk.

Longo finds some support for his argument in three cases decided by the United States Court of Appeals for the Tenth Circuit. In *United States v. Nielsen,* 9 F.3d 1487, 1491 (10th Cir.1993), and *United ed States v. Loucks,* 806 F.2d 208, 210–11 (10th Cir.1986), the court suggests in dicta that, if the smell of burnt marijuana prompts a search of the passenger portion of the vehicle and no controlled substances are found in that area, there is no probable cause to search further in the vehicle's trunk. This dicta is confirmed in *United States v. Downs,* 151 F.3d 1301, 1303 (10th Cir.1998). In the *Downs* case, however, the court holds that the rule is otherwise if the odor of unburned marijuana is detected in the vehicle. The court found that the latter smell was sufficient to provide probable cause to search the vehicle's trunk.

Notwithstanding the authorities on which he relies, we have substantial doubts as to the validity of Longo's theory that the smell of burnt marijuana only gives rise to a lawful search of the passenger portion of the vehicle and not the trunk. In *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Court considered the extent of a motor vehicle search consistent with the Fourth Amendment and stated:

> When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, *trunks,* and wrapped packages, *in the case of a vehicle,* must give way to the interest in the prompt and efficient completion of the task at hand.

*Ross,* 456 U.S. at 821, 102 S.Ct. at 2171, 72 L.Ed.2d at 591 (emphasis added). The Court in *Ross* expressed its holding as follows:

> We hold that the scope of the warrantless search authorized by [the motor vehicle] exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawful-

ly stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

*Id.* at 825, 102 S.Ct. at 2173, 72 L.Ed.2d at 594. The standard thus avowed has been reaffirmed by the Court in *Wyoming v.. Houghton,* 526 U.S. 295, 300, 119 S.Ct. 1297, 1300, 143 L.Ed.2d 408, 415 (1999). The United States Court of Appeals for the Eighth Circuit in *United States v. Caves,* 890 F.2d 87, 90 (8th Cir.1989), in applying the *Ross* standard observed that, if probable cause to search any portion of the vehicle exists, "[p]olice may search throughout both the passenger compartment and trunk of the automobile."

We need not determine, however, whether the smell of burnt marijuana alone is sufficient to justify a search of both the passenger area and trunk of a motor vehicle. We are convinced that in the present case other suspicious factors such as the inconsistent stories told by the suspects and Newlin's suspicious demeanor raised the level of suspicion sufficiently high to constitute probable cause for a search of the entire vehicle, including the trunk area. The district court did not err in failing to suppress the challenged evidence.

## II. *The Sentencing Issue.*

■ Longo urges that, in sentencing him, the district court improperly relied on its belief (as the presiding judge at his trial) that he was guilty of a more serious offense than that for which he was convicted by the jury. The district court stated in this regard:

This court presided over Mr. Longo's trial. This court heard the evidence. Mr. Gallup [Longo's trial counsel] did a superlative job in the representation of Mr. Longo. However, the court did not believe the arguments and assertions made by Mr. Longo insofar as the claims made on his behalf. While the jury reached that conclusion, the court did not, and I give deference, of course,

to that jury's verdict. However, had the case been tried to the bench, I'm confident the court would have concluded beyond a reasonable doubt that Mr. Longo was, in fact, trafficking in drugs and that he did, in fact, possess methamphetamine with the intent to deliver.

In *State v. Thompson,* 275 N.W.2d 370 (Iowa 1979), a charge of second-degree burglary had been reduced to third-degree theft as part of a plea bargain. In denying the defendant's request for probation, the sentencing judge pointed out that defendant had already received the benefit of a reduced charge. We held that this was improper in view of the absence of any proof concerning the elements of the original offense charged. In so doing, however, we recognized that

[a] sentencing court *may*, within statutory limits, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime on the occasion involved *if* the facts before the court show the accused committed the higher crime . . . .

*Thompson,* 275 N.W.2d at 372.

■ We believe that *Thompson* makes clear that, when a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on. There is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed. In the present case the nature of defendant's criminal activity had been presented before the sentencing judge at trial. Based on sworn testimony that the judge had heard, he concluded that defendant had possessed the methamphetamine with intent to deliver.

■ We are convinced that a sentencing judge is not required to deviate from the judge's own characterization of the nature of a crime committed based on sworn testimony simply because the jury

has characterized the offense differently. Judge and jury have separate and distinct roles in the criminal justice system, and sentencing is the sole prerogative of the judge. This principle is forcefully established in *United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). In that case, the court reviewed separate decisions of the United States Court of Appeals for the Ninth Circuit, each of which held that an acquittal of defendants on certain charges prevented the defendants' conduct incident to those charges from being considered with respect to offenses for which defendants were convicted growing out of the same transaction as the acquitted charges. *See United States v. Putra,* 78 F.3d 1386 (9th Cir.1996); *United States v. Watts,* 67 F.3d 790 (9th Cir.1995). Both of these decisions were summarily reversed by the Supreme Court on a seven-two vote (only one justice dissenting on the merits).

In thus acting, the Court stated:

The Court of Appeals ... misunderstood the preclusive effect of an acquittal, when it asserted that a jury "rejects" some facts when it returns a general verdict of not guilty. The Court of Appeals failed to appreciate the significance of the different standards of proof that govern at trial and sentencing. We have explained that "acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt." ...

For these reasons, "an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof."

*Watts,* 519 U.S. at 155–56, 117 S.Ct. at 637, 136 L.Ed.2d at 563–64 (quoting *Dowling v. United States,* 493 U.S. 342, 349, 110 S.Ct. 668, 672, 107 L.Ed.2d 708, 718 (1990)) (other citations omitted). Based on these considerations, the Court held that a jury's verdict of acquittal did not prevent the sentencing court from considering conduct underlying the acquitted charge based on its own determination of the facts. *Id.* at 157, 117 S.Ct. at 638, 136 L.Ed.2d at 565. We have recognized this lower standard of proof at the sentencing stage in *State v. Rettinghaus,* 591 N.W.2d 15, 17 (Iowa 1999). We conclude the defendant was not sentenced based upon the consideration of improper matters. The judgment of the district court is affirmed.

**AFFIRMED.**

All justices concur except McGIVERIN, C.J., who takes no part.