# IN THE COURT OF APPEALS OF IOWA

No. 15-0704
Filed February 24, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MITCHELL SCOTT GAHAGAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

Mitchell Scott Gahagan appeals both his conviction for eluding and the sentence that followed. **AFFIRMED.**

Leah Patton of Puryear Law P.C., Walcott, for appellant.

Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Mitchell Scott Gahagan appeals both his conviction for eluding and the sentence that followed. He argues there is insufficient evidence to support his conviction because the State did not establish he eluded a *uniformed* officer. He further argues the district court abused its discretion at sentencing by considering an improper sentencing factor and by not suspending his sentence. We find sufficient evidence exists to support Gahagan's conviction, and the district court did not abuse its discretion at sentencing. We therefore affirm.

## I. Background Facts and Proceedings

On December 10, 2013, Gahagan refused to stop his vehicle when signaled to do so by police. Instead, he led police on a five-and-a-half mile car chase through Davenport, Iowa. The lead pursuit vehicle throughout most of the chase was an unmarked police car driven by Davenport Police Corporal Clifford Anderson, and the entirety of the chase was captured by Anderson's dashboard camera. Other officers joined in the pursuit as it wore on, and towards the end of the chase, a marked police car took over the role as lead pursuit vehicle. That marked police car had its flashing lights and siren activated and was driven by Officer Brenda Waline. The chase ended after Gahagan turned down a dead-end street.

Gahagan was arrested and charged with eluding the police. His case proceeded to a bench trial on February 23, 2015, on the single count of eluding, in violation of Iowa Code section 321.279(2) (2013). Section 321.279(2) provides:

> The driver of a motor vehicle commits an aggravated misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section and in doing so exceeds the speed limit by twenty-five miles per hour or more.

The State's case consisted of Corporal Anderson's testimony and a single exhibit—the video recording from his dashboard camera. At the conclusion of the State's evidence, the district court granted Gahagan's motion for directed verdict because Anderson testified he was driving an unmarked police car, thus failing to prove an element of the crime.

However, the court noted that while Gahagan could not be found guilty of having eluded Corporal Anderson's unmarked police car, he could be found guilty for having eluded Officer Waline's marked squad car, which can be seen in the video recording of the chase. But using Officer Waline's car as the basis for the eluding charge caused another problem: there had been no testimony that Gahagan had been exceeding the speed limit by more than twenty-five miles per hour during the portion of the chase when Officer Waline was in lead pursuit. After watching the video of the entire event, including Gahagan's arrest, the district court found the State had proven beyond a reasonable doubt Gahagan eluded a marked squad car driven by a uniformed officer and adjudged Gahagan guilty of the lesser-included offense of eluding under Iowa Code section 321.279(1), which does not include the element of speed. Section 321.279(1) states:

The driver of a motor vehicle commits a serious misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop. The signal given by the peace officer shall be by flashing red light, or by flashing red and blue lights, and siren.

The district court sentenced Gahagan on April 8, 2015. After hearing recommendations from both the State and defense counsel, the court ruled as follows:

> Very well. Then, Mr. Gahagan, pursuant to your conviction of the lesser-included offense of eluding in violation of Iowa Code Section 321.279(1) and as provided by Section 903.1 of the Iowa Criminal Code, it is the judgment and sentence of the Court that you be and are hereby committed to the Sheriff of Scott County, Iowa, for incarceration in the Scott County Jail for a period of 180 days.
> The Court will also assess the fine of $315, which I believe is the minimum fine under the circumstances. The Court notes there are no issues of victim restitution.
> The Court has considered all sentencing options and has listened carefully to all of the information that's been presented here today. And I will also take this opportunity to note for the record that when I refer to criminal history, I am only considering those matters that have resulted in a conviction and not any other criminal history information in determining the appropriate sentence. The reasons for the Court's sentence are first as has been indicated here by the State, the Court having heard the evidence in this case finds that Mr. Gahagan did put the general public at considerable risk in this very extended eluding sequence that is the subject of this criminal action.
> The Court has also taken into consideration the defendant's criminal conviction history, which includes multiple felony convictions and the other matters that are reflected in the criminal conviction history that resulted in convictions.
> And the Court determines that the sentence is appropriate both for the protection of the community and for the reform and rehabilitation of Mr. Gahagan. Those are the Court's reasons for the sentence imposed. Mittimus will issue immediately.

Gahagan now appeals both his conviction and sentence.

**II. Standard of Review**

We review sufficiency-of-the-evidence claims for a correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). In deciding whether the evidence is sufficient to support a guilty verdict, we consider "all of the record evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439–40 (Iowa 2014). If substantial evidence supports the verdict, we will uphold it. *Id.* at 440.

When reviewing a district court's sentencing decisions, we will not reverse absent either an abuse of discretion or a defect in the sentencing procedure such as the consideration of inappropriate matters. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and the choice of one sentencing option over another does not necessarily constitute error. *Id.* at 724–25.

**III. Analysis**

With respect to Gahagan's sufficiency-of-the-evidence claim, he argues he should not have been found guilty of eluding because substantial evidence did not exist to show Officer Waline was in uniform on December 10, 2013. *See* Iowa Code § 321.279(1) ("The driver of a motor vehicle commits a serious misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle *driven by a uniformed peace officer* . . . ." (emphasis added)). This is so, according to Gahagan, because Corporal Anderson was the only witness and did

not testify Officer Waline was in uniform; he only testified she was driving a marked police vehicle with lights and siren activated.

Gahagan's argument is defeated by the video evidence of the chase and his arrest. The video shows two officers—a male and a female—approaching Gahagan's vehicle with guns drawn after the chase ends. The female officer is dressed in full police uniform. Corporal Anderson testified he and Officer Waline approached the vehicle and ordered Gahagan out. The combination of Corporal Anderson's testimony and the video evidence is sufficient to support the court's finding that Officer Waline is the uniformed officer who drove the marked squad car. Gahagan's guilty verdict is therefore supported by substantial evidence.

With respect to Gahagan's claim that the district court sentenced him improperly, he first argues the court considered an impermissible sentencing factor when it stated as a reason for the sentence imposed, "the Court having heard the evidence in this case finds that Mr. Gahagan did put the general public at considerable risk in this very extended eluding sequence that is the subject of this criminal action." Gahagan maintains the court only heard and viewed evidence of his reckless driving—his failure to obey stop signs and red lights, his driving at speeds in excess of seventy-five miles per hour, his near-collisions with vehicles driven by innocent citizens, and his driving past a stopped school bus— as it related to the portion of the chase when he was pursued by Corporal Anderson in the lead position. In effect, he argues the court should not have considered his reckless driving at sentencing because he was only found guilty of having eluded Officer Waline and he was driving in a more reasonable manner while she was leading the pursuit.

We find Gahagan's claim the district court considered an impermissible sentencing factor to be meritless. While it is true a court generally cannot consider unproven or unprosecuted offenses when sentencing a defendant, one of two recognized exceptions to the general rule provides a court may do so if "the facts before the court show the accused committed the offense." *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). "There is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *Id.* The dashboard camera video admitted and played at Gahagan's trial conclusively established he committed a series of traffic offenses that placed the general public in harm's way. Therefore, it was not improper for the district court to base its sentence upon the totality of Gahagan's conduct as he fled from police, as opposed to limiting its consideration of his conduct to the portion of the chase upon which his conviction was based.

Finally, Gahagan argues the district court abused its discretion by not granting his request for a suspended sentence. Gahagan claims the court's sentence was overly punitive given the nature of the offense for which he was convicted and gave too much weight to his prior felony convictions and probation violations while ignoring his young age, employment, and family circumstances. We find this argument similarly unavailing. The very nature of the sentencing process grants the district court discretion in choosing between sentencing

options, and the court in this case did not abuse its discretion by making a reasoned decision to refuse Gahagan's request for a suspended sentence.

**AFFIRMED.**