# IN THE COURT OF APPEALS OF IOWA

No. 19-0638
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AMMARI MAURECE JOHNSON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Buena Vista County, Don E. Courtney, Judge.

        Ammari Johnson appeals his sentence for conspiracy to commit a forcible felony. **AFFIRMED.**

        Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Ammari Johnson appeals the sentence imposed following his guilty plea to conspiracy to commit a forcible felony.[1]  Johnson argues the sentencing court abused its discretion by rejecting his request for probation.  We disagree and affirm.

## I.  Background Facts and Proceedings

Johnson's conviction arose from his involvement with three or more persons in the robbery of a drug dealer/supplier.  The robbers stole one to two pounds of marijuana and $4000.

During the robbery investigation, Johnson was arrested for an unrelated marijuana offense.

Then the State charged Johnson with first-degree robbery, second-degree kidnapping, and conspiracy to commit a forcible felony by planning or commission in connection with the robbery.  Johnson accepted a plea agreement under which he would plead guilty only to the conspiracy charge; in exchange, Johnson agreed to testify against his robbery cohorts.  The plea agreement also provided the parties were free to argue for any sentence allowable by law.

---

[1] We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140, § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding.  We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019.  *See id.*

At sentencing, the State argued for incarceration. Johnson argued for a deferred judgment and probation of up to four years. The sentencing court agreed with the State and sentenced Johnson to incarceration.

The court stated reasons for imposing its sentence. In response to a discussion about Johnson's accommodation offense, the court stated:

> Obviously, Mr. Johnson, that's very disconcerting under the circumstances because your fondness for marijuana is what got you into this mess to begin with, and a thorough review of the presentence investigation report, the recommendation is incarceration. Um, however, I—as I consider the seriousness of this offense, um, I just don't feel that probation is appropriate given the nature of this offense, um, given the subsequent conviction, again, marijuana related. I think a period of incarceration is appropriate in that I think it would give you the opportunity for rehabilitation, get some treatment, substance abuse treatment, and I think it's in the interest of the community to protect them from further offenses by others of a similar nature.

After the court informed Johnson of his sentence, granted a self-surrender date, and discussed whether restitution or room and board payments were applicable, the court again offered reasoning for the sentence imposed. It said:

> The court has chosen the sentence it has because it believes it is the appropriate sentence to provide the defendant with the maximum opportunity for rehabilitation; that it is an appropriate sentence for the protection of the community from further offenses by this defendant and others. I have considered the subsequent conviction of accommodation of marijuana referred to in the State's argument, and I have expressed on the record that the court found that disconcerting under the circumstances. I have considered the nature of the offense, obviously the contents of the presentence investigation, and the recommendations of the presentence investigation report. I have also reviewed and considered the plea agreement entered into by the parties.

Johnson appeals.

## II. Scope and Standard of Review

We review sentencing challenges "for an abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted).

## III. Analysis

Johnson claims the court abused its discretion in imposing sentence. But when, as here, the sentence "falls within the statutory parameters, we presume it is valid." *Id.* at 554. "'To overcome the presumption [of validity], we . . . require[] an affirmative showing the sentencing court relied on improper evidence.' On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Id.* (first alteration in original) (citations omitted).

The sentencing court should "[w]eigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (alteration in original) (citation omitted). And "[t]here is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000).

Johnson claims the sentencing court offered only a "rote recital of reasons and little else save the marijuana conviction" to support the sentence imposed. He claims the court offered no indication it considered any mitigating factors. In short,

although Johnson concedes the sentence imposed is within the bounds of the law, he believes mitigating factors were ignored.

Conversely, the State notes the court cited its review of the presentence investigation report (PSI),[2] the seriousness of the offense, its belief marijuana addiction played a role in multiple offenses, and the need for addiction rehabilitation. And the State highlights that the mitigating factors on which Johnson relies are within the PSI itself or letters of support submitted to the court. The court confirmed its review of the letters and the PSI on the record.

We find no abuse of discretion. The court considered particular and individualized facts when reaching its sentencing determination. And the court was careful to provide more than a mere boilerplate recitation of the reasons for its determination. The absence of a particularized discussion of mitigating factors is insufficient to conclude the sentencing court did not consider mitigating factors— particularly because the court confirmed it had read and reviewed the documents containing the relevant information.

The sentence was within the limits of the court's discretion, and the court provided adequate reasoning for the sentence given. We affirm.

**AFFIRMED.**

---

[2] The sentencing court may consider the sentencing recommendation in the PSI. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019).