# IN THE COURT OF APPEALS OF IOWA

No. 19-1150
Filed August 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TAMORA MORRISE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

Tamora Morrise appeals the sentence imposed following her conviction of second-degree theft. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Thomas J. O'Flaherty (until withdrawal), Bettendorf, and Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DOYLE, Presiding Judge.**

Tamora Morrise appeals the sentence imposed following her conviction of second-degree theft. The district court found Morrise guilty of the charge after she and a friend took three American Bulldog puppies from the home of Donald Caffey, who breeds, raises, and sells the purebred dogs. The puppies, who were less than five weeks old and worth between $3000 and $5000 each, were never recovered.

At the sentencing hearing, the court considered the presentence investigation (PSI) report, which recommended placing Morrise on supervised probation. Because the report found Morrise's "correctional needs are capable of being adequately met while under this agency's field supervision offices," it did not recommend placing Morrise in a residential correctional facility (RCF) at that time. The prosecutor agreed that a suspended sentence was appropriate but asked the court to order Morrise to stay at an RCF based on Morrise's "escalating" criminal history and the substantial sum the State was requesting for victim restitution. The prosecutor also cited the circumstances of the offense, stating,

> It wasn't just the taking of the property that was concerning. It was the continued lack of action for days, if not weeks, after the theft, where [Morrise] had an opportunity to report the incident, where the puppies could have been returned at any point, but she neglected to do so.
> She knew that the puppies had been taken, and there was testimony that there was a strong likelihood that the puppies didn't survive being separated from their mother at that age.

Morrise argued for "a deferred and/or street probation." Ultimately, the district court agreed with the prosecutor and made placement at the RFC a condition of Morrise's probation.

Morrise contends the district court improperly relied on uncharged and unproven conduct in sentencing her. Because the sentence is within the statutory limits, we review this claim for an abuse of discretion. *See State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). The district court abuses its discretion by exercising it on clearly untenable or unreasonable grounds or by erroneously applying the law. *See id.* Because a sentencing court is not permitted to consider unproven and unprosecuted charges unless the defendant admits to the charges or the evidence shows the defendant committed the offenses, doing so is an abuse of discretion.[1] *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (noting that if the court improperly considered unproven or unprosecuted conduct, remand for resentencing is required). However, "[t]here is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). If a defendant claims the court relied on unproven conduct, the issue "is simply one of the sufficiency of the record to establish the matters relied on." *Id.*

The court cited two concerns in determining Morrise's sentence. First, the court noted that Morrise's criminal history "is not insignificant and has been continuous, particularly over the last couple of years." The court then stated,

> Also, this case involves a likelihood of extreme animal cruelty in that these puppies, according to the owner, likely perished because they were so young when taken from their mother that they would not have survived.

---

[1] Although the State claims Morrise failed to preserve error, a defendant challenging a sentence by claiming the court relied on an illegal sentencing consideration "need not object at sentencing for us to address the issue on appeal if the issue can be decided without further evidence." *State v. Gordon*, 921 N.W.2d 19, 25 (Iowa 2018).

[Morrise] had the opportunity at any time after the animals were taken to contact the owner to ensure the safety of these poor defenseless animals and failed to do so.

Morrise argues the court relied on unproven conduct or unproven offenses in sentencing her based on its finding that the offense involved "extreme animal cruelty" because the puppies "likely perished." We agree that Morrise was never convicted of or even charged with animal abuse or neglect,[2] nor did she admit to committing either offense. Morrise also argues the conduct is unproven, claiming the court misstated the record because nothing in the evidence shows "a strong likelihood" that the puppies did not survive or "likely perished." She points to Caffey's testimony at trial when asked whether "puppies at that age have any sort of reaction when they're separated from their mother." Caffey testified,

No. Just that they'll be down because they'll sense the missing of the other puppies. But not really, no. No long-term effect, just they seem kind of bummed out. The ones they took probably were bummed out because they weren't with the other three, and the other three were because they weren't there with them.

Caffey explained that the puppies "weren't weaned from their mom yet. They were just on mush food." He "[d]idn't even know if they could eat dry food yet" because "[t]heir teeth weren't all the way in." And Caffey testified that the puppies "hadn't had any shots or anything yet," they would not "get their first shots until six and

---

[2] "A person is guilty of animal abuse if the person intentionally injures, maims, disfigures, or destroys an animal owned by another person, in any manner, including intentionally poisoning the animal." Iowa Code § 717B.2 (2019). A person is guilty of animal neglect if the person "[f]ails to supply the animal during confinement with a sufficient quantity of food or water" or "deprives [the animal] of necessary sustenance . . . by any means which causes unjustified pain, distress, or suffering." *Id.* § 717B.3(1)(a), (c). Proof of serious injury or death is not required. *See id.* § 717B.3(3) (distinguishing a serious misdemeanor, which requires proof of serious injury or death, with a simple misdemeanor, which does not).

eight weeks," and therefore "they definitely weren't ready for the public." He had never taken the puppies outside of his home because they were at "risk of getting parvo[3] or something from the outside world." A police officer testified that Caffey expressed concern about whether the puppies were alive "just because they weren't ready to be taken away from their mother." And after Caffey found the puppies were gone, he sent Morrise text messages asking her to bring the puppies back because they were not yet weaned or ready for dog food.

The sentencing court concluded the case involved "a likelihood of extreme animal cruelty" because the puppies "likely perished," and it took this into account in its sentencing decision. But the supposition the puppies died is not tethered to any facts. Although at trial Caffery expressed his concerns about the welfare of the puppies and questioned their fate—"Did they live? Do we even know if the puppies lived?"—he never opined the puppies would have died, or probably died, or likely died. There is no record evidence that Morrise committed animal abuse or neglect, or that Morrise even had possession of the puppies after the theft. There is no record evidence that Morrise had any knowledge of any abuse or neglect. There is no record evidence that anyone subjected the puppies to abuse or neglect. Consequently, we conclude the district court relied upon an improper factor during sentencing. We are thus compelled to vacate Morrise's sentence and remand the case to the district court for resentencing before a different judge.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

---

[3] Parvo refers to canine parvovirus, an extremely hardy and highly contagious virus that can cause death, especially in younger animals.