# IN THE COURT OF APPEALS OF IOWA

No. 19-1858
Filed May 26, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TRAVIS GLASGOW,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Stephen A. Owen, District Associate Judge.

Travis Glasgow appeals his sentence following a guilty plea. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

Travis Glasgow appeals his sentence following his guilty plea to one count of felon in possession of a firearm.[1] We affirm.

**I. Background Facts**

At a plea hearing on August 28, 2019, the State explained to the court that the parties had reached an agreement

> whereby the defendant will enter a plea to possession of a firearm by a prohibited person. In exchange, at the time of sentencing the parties will jointly recommend that the court impose a five-year prison sentence but suspend the prison sentence, place the defendant on probation with the department of correction[al services] for a period of two to five years, suspend the minimum fine, [and follow the parties'] agreement that the defendant has the reasonable ability to pay tier II costs. The parties are asking that a presentence investigation report be prepared and that sentencing occur on a later date. In exchange, the State is agreeing to [recommend that the court] modify the defendant's pretrial release to allow the defendant to be released to the supervision of the department of correctional services *contingent upon the defendant not committing any law violations, not using alcohol or controlled substances.* Any failures to appear at court or any other *violations of pretrial release will be a violation of the plea agreement and at the time of sentencing the*

---

[1] Iowa Code section 814.6(1)(a)(3) (2019) prohibits appeals from guilty pleas, with the exception of class "A" felonies, absent good cause. The State argues this provision prohibits us from considering Glasgow's appeal. Glasgow asks us to determine section 814.6(1)(a)(3) violates the separation of powers established in the Iowa Constitution. We do not consider Glasgow's constitutional argument "because we can resolve this appeal without doing so." *See State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021). In *State v. Damme*, our supreme court held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." 944 N.W.2d 98, 105 (Iowa 2020). We note the parties did not have the benefit of *Damme* when their proof briefs were due. However, Glasgow filed notice of additional authorities drawing our attention to *Damme* following its issuance and urging it provided a basis for appeal. *See Boldon*, 954 N.W.2d at 69 ("[The defendant] 'bears the burden of establishing good cause to pursue an appeal of [his] conviction based on a guilty plea.'" (second alteration in original) (citation omitted)). Because Glasgow appeals his sentence, we conclude he has good cause to appeal. *See Damme*, 944 N.W.2d at 105.

*State will be able to make any recommendations, any lawful recommendations as a result.*

(Emphasis added.)

After a thorough colloquy, the court accepted Glasgow's plea. The court then ordered Glasgow's release for supervision by the department of correctional services. The court's order required Glasgow to "obey all laws, not consume or possess alcohol or controlled substances." It also stated, "Defendant was informed as part of the agreement to release him, that any violation of pretrial release conditions or supervision may void the plea agreement." The court ordered preparation of a presentence investigation report and set sentencing for October 15.

But on October 14, probation officer Matthew Kennis, who was overseeing Glasgow's pretrial release, filed a report of violations. The report stated that, on September 10, Glasgow missed an appointment with Kennis and failed to give advance notice that he would not be able to attend. On September 11, Glasgow admitted to Kennis that he used THC (marijuana) and methamphetamine roughly three days prior. On September 29, Glasgow left his county of residence without obtaining permission from Kennis. On October 9, Glasgow again failed to attend a scheduled meeting, though he did text Kennis about forty-five minutes prior to say he could not "meet that day or the next two business days." Then, on October 14, Glasgow again failed to keep his scheduled appointment with Kennis and also failed to give Kennis advance notice that he could not make the appointment. In addition, as of October 14, Glasgow had failed to provide proof of employment as Kennis had directed.

Following the report of violations, the court revoked Glasgow's pretrial release and issued a warrant. On October 15, the court continued the scheduled sentencing hearing and, instead, heard testimony and argument on the reported violations. Kennis testified to the violations described in his report. Glasgow also testified. He denied admitting methamphetamine use to Kennis. But he admitted to using marijuana twice while on release. He also admitted understanding that "marijuana is a controlled substance" and "using marijuana is a violation of the law." He agreed he "violated the terms of the plea agreement." The court terminated pretrial release supervision, set a $10,000 cash only bond, found Glasgow violated the terms of the plea agreement, and released the State from the terms of the plea agreement.

On October 30, Glasgow appeared for sentencing. Glasgow requested a suspended sentence and probation. The State asked the court to follow the PSI recommendation of incarceration. The court imposed an indeterminate term of incarceration not to exceed five years. Glasgow appeals. He claims (1) the district abused its discretion in imposing sentence, (2) his sentence constitutes cruel and unusual punishment under the state and federal constitutions, and (3) his right to due process was violated when the district court released the State from the terms of the plea agreement. We address each claim in turn.

## II. Discussion

### A. Sentencing Discretion

First, Glasgow claims the district court abused its discretion in imposing sentence. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) ("We review the district court's sentence for an abuse of discretion." (citation omitted)). "An abuse of

discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted).

When, as here, the sentence "falls within the statutory parameters, we presume it is valid." *Id.* at 554. "'To overcome the presumption [of validity], we . . . require[] an affirmative showing the sentencing court relied on improper evidence.' On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Id.* (first alteration in original) (citation omitted). The district court should "[w]eigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (alteration in original) (citation omitted). And "[t]here is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000).

Glasgow contends the court abused its discretion because, although— during the plea hearing—the court seemed amenable to the initial joint recommendation of probation, the court ultimately changed its mind and ordered incarceration, the harshest sentence authorized by law. To support his argument, Glasgow minimizes his conduct between the plea hearing and sentencing. Although he acknowledges using marijuana, he notes it is "legal"[2] in several states.

---

[2] "On a federal level, all marijuana remains illegal. The federal government classifies marijuana, along with heroin and cocaine, as a Schedule I drug with a high potential for abuse and little to no medical benefit." Stacy Barrett, *Medical Marijuana and Federal Law*, https://www.criminaldefenselawyer.com/resources/cr

And Glasgow claims he was only using it to treat his bipolar disorder. In Glasgow's view, this "occasional marijuana use" should not have been treated as a negative sentencing factor.

We disagree. After the plea hearing, the court placed Glasgow on pretrial release. As a condition of release, the court ordered Glasgow to "obey all laws" and "not consume or possess alcohol or controlled substances." And yet, as Glasgow admitted, he used marijuana twice even though he knew it is a controlled substance and even though he knew his use was illegal in Iowa. Through these and other violations of his pretrial release terms, Glasgow demonstrated he was a poor candidate for supervision in the community. These were appropriate matters for the court to consider when deciding between probation and incarceration. *See State v. Carlson*, No. 19-2113, 2021 WL 210702, at \*2 (Iowa Ct. App. Jan. 21, 2021) (concluding a defendant's failure on pretrial release supported district court's conclusion that the defendant was not a good candidate for probation); *see id.* n.2 (noting "it is appropriate for a sentencing court to consider the defendant's likelihood of success on probation" and collecting cases).

All things considered, we believe the sentencing court acted appropriately. When imposing sentence, the sentencing court considered Glasgow's age, employment, familial relationships, lengthy criminal history, past failed attempts at community-based rehabilitation programs in another state, and violations on pre-trial release. These are all permissible sentencing considerations. Ultimately, the court determined a term of imprisonment was necessary based on Glasgow's

---

iminal-defense/federal-crime/medical-marijuana-federal-laws.htm (last visited May 18, 2021).

criminal history, past failed attempts at community-based rehabilitation programs, and violations on pre-trial release. We find no abuse of discretion in this determination.

### B. Cruel and Unusual Punishment

Next, Glasgow argues his sentence is so grossly disproportionate that it amounts to cruel and unusual punishment in violation of the state and federal constitutions. We review constitutional challenges to sentences de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

"Both the Federal and State Constitutions prohibit the imposition of cruel and unusual punishment." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (citing U.S. Const. amend. VIII; Iowa Const. art. I, § 17). The Eighth Amendment of the United States Constitution reads: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Article I, section 17 of the Iowa Constitution reads: "Excessive bail shall not be required; excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted."

"Neither clause 'contain[s] a proportionality provision.'" *State v. Muligande*, No. 18-0988, 2019 WL 5067159, at *1 (Iowa Ct. App. Oct. 9, 2019) (alteration in original) (citation omitted).[3] But binding caselaw holds that a "grossly disproportionate" sentence violates these provisions. *Wickes*, 910 N.W.2d at 572.

---

[3] The Eighth Amendment was originally understood to prohibit barbarous *types* of punishment, such "as burning at the stake, crucifixion[,] breaking on the wheel, or the like." *In re Kemmler*, 136 U.S. 436, 446 (1890); *see Miller v. Alabama*, 567 U.S. 460, 503–04 (2012) (Thomas, J., dissenting) (noting the Eighth Amendment does "not authorize courts to invalidate any punishment they deem disproportionate to the severity of the crime or to a particular class of offenders").

To determine whether a sentence is grossly disproportionate, we use a three-part test. *Id.* First, we balance the severity of the sentence against the gravity of the crime to determine whether it "raise[s] an inference of gross disproportionality." *Id.* In completing our first step, "we owe substantial deference to the penalties the legislature has established for various crimes." *Id.* (citation omitted). And we are cognizant that "it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Id.* at 573 (citation omitted). If our first step is satisfied, then we move to the second. *Id.* at 572. Our second step "requires us to engage in an intrajurisdictional analysis to compare the challenged sentence to sentences of other crimes within our jurisdiction." *Id.* "Under the third step, we engage in an interjurisdictional review and examine the sentences for similar crimes in other jurisdictions."

In his brief, Glasgow acknowledges the "three-part" nature of our analysis. Yet, as to the third step—the interjurisdictional review—Glasgow presents no argument or authority at all. And we decline to venture out on an interjurisdictional canvas on our own. *See Mahnesmith v. State*, No. 19-0877, 2020 WL 7868233, at *5 (Iowa Ct. App. Dec. 16, 2020) (determining a party "cannot plant seeds [of an argument] and walk away expecting the court to nurture them to maturity").

More concerning, perhaps, Glasgow presents only a cursory argument as to the crucial first part of our test, in which we must "balanc[e] the gravity of the crime against the severity of the sentence" to decide whether there is "an inference of gross disproportionality." *Wickes*, 910 N.W.2d at 572 (citation omitted); *see id.* (noting "[n]o further analysis is required if the sentence being reviewed does not

raise an inference of gross disproportionality"). He cites no authority for the proposition that an indeterminate term not to exceed five years—with no mandatory minimum—is "grossly disproportionate" to the crime of possessing a firearm as a felon. And we decline to perform legal research "on his behalf." *See State v. Hrbek*, ___ N.W.2d ___, ___, 2021 WL 1431677, at *7 (Iowa 2021). Instead, we conclude Glasgow's argument is waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

### C. Due Process

Finally, Glasgow argues his right to due process was violated when the district court released the State from the terms of the plea agreement. The State contests error preservation because Glasgow never raised this argument before the district court. We agree and conclude error was not preserved. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## III. Conclusion

The district court did not abuse its discretion in imposing sentence. Glasgow has waived his cruel and unusual punishment claim and failed to preserve error on his due process claim.

**AFFIRMED.**