# IN THE COURT OF APPEALS OF IOWA

No. 21-1479
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CASEY EDWARD LUDIN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Mark R. Lawson (trial)

and John D. Telleen (sentencing), Judges.


        Casey Ludin appeals his sentence for second-degree robbery. **SENTENCE**

**VACATED AND REMANDED FOR RESENTENCING.**


        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


        Considered by Bower, C.J., Greer, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**GAMBLE, Senior Judge.**

Casey Ludin appeals his sentence for second-degree robbery following a jury trial. The jury was unable to reach a verdict on a separate charge of interference with official acts causing bodily injury. The district court sentenced Ludin to a term not to exceed ten years with a sixty-percent mandatory minimum on the robbery charge. Ludin argues the district court considered an unadmitted and unproven fact that he "more or less did [his] best to attack the arresting officers" when it determined the length of his mandatory minimum. The State contends the court properly considered that Ludin was non-compliant and struggled during the arrest resulting in a minor injury to the officer.

We review sentencing challenges for legal error. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Formaro*, 638 N.W.2d at 724. "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). "After guilt has been determined, evidence to support the sentence need only be proven by a preponderance of the evidence." *State v. Iowa Dist. Ct.*, 630 N.W.2d 838, 843 (Iowa 2001).

With this in mind, we review the evidence presented in this case to determine if it supports the district court's statement that Ludin "more or less did [his] best to attack the arresting officers." The arresting officer discovered Ludin lying face down on the ground. The officer got on top of Ludin and identified himself as a police officer. Ludin tried to stand when the officer instructed him to put his hands behind his back, but the officer spread out over him to prevent him from getting up. At some point the officer's hand was scraped. The remainder of the arrest was captured on the body camera footage of two officers. The footage shows Ludin was upset and complained of wrist pain from the handcuffs. But he was never physically aggressive with the officers. The arresting officer confirmed at trial that Ludin never struck or tried to strike out at any officer during the arrest. The record evidence does not sufficiently support the court's statement that Ludin "more or less did [his] best to attack the arresting officers." Ludin never admitted it, and the State did not prove it. Accordingly, the district court improperly considered it.

Robbery in the second degree is a forcible felony. The district court had no discretion concerning the mandatory ten-year indeterminate term. But under Iowa Code sections 901.12(4) and 901.11(4) (2021), the court had discretion to sentence Ludin to a mandatory minimum from fifty to seventy percent. The court landed on sixty percent. We cannot speculate as to the impact this improper consideration had on the court's sentencing determination. *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). Instead, we conclude the district court abused

its discretion by considering an improper factor. Resentencing before a different judge is required. *See id.*

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**