# IN THE COURT OF APPEALS OF IOWA

No. 24-1150
Filed February 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHEVELL EARL ASH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Virginia Cobb, Judge.


        A defendant appeals his sentence for domestic abuse assault, second offense. **AFFIRMED.**


        Audra F. Saunders, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee State.


        Considered by Greer, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Shevell Ash appeals his two-year prison sentence imposed after he pleaded guilty to domestic abuse assault, second offense. He argues that the district court improperly considered unproven criminal conduct when it factored in that this assault and multiple jail phone calls were violations of a no-contact order issued because of his previous conviction for assaulting the same victim. And he contends that the court should have suspended his sentence and placed him on probation rather than imposing the two-year prison sentence.

The court indeed relied on the conduct Ash challenges on appeal in selecting his sentence. But it was not unproven. The State presented sworn testimony and a recording of the phone calls at the sentencing hearing—ample evidence to support the court's finding that Ash had violated the court order. And we see no abuse of discretion in the district court's ultimate sentencing decision. We thus affirm Ash's sentence.

## I.       Background Facts and Proceedings

Ash was convicted in October 2023 for assaulting the mother of his son. Because of that domestic-abuse-assault conviction, the court issued a no-contact order prohibiting Ash's contact with the victim. But five months later, he assaulted her again—as he admitted in his later plea—"by intentionally pulling her sweatshirt in a manner that would have been offensive and put her in fear of immediate contact that would have been painful or injurious." He was originally charged with other offenses too. But as part of a plea agreement, he pleaded guilty to only the single aggravated misdemeanor of domestic abuse assault, second offense. *See* Iowa Code §§ 708.1, 236.2, 708.2A(1), (3)(b) (2024).

At sentencing, twenty-year-old Ash expressed remorse for his behavior and then asked for another chance to do better and be present for his son. His attorney thus urged the court to impose a suspended sentence and probation. The State argued for a two-year prison sentence. And in support, it called a detective from the West Des Moines Police Department who testified that the victim in this case was the protected party of a no-contact order against Ash and that she was the same victim as in Ash's earlier domestic-abuse-assault conviction that led to that protective order. The detective also testified that while Ash was in jail before his guilty plea, he called the victim through the jail phone system at least three times in violation of the no-contact order. And a recording of one of those calls—in which Ash pressured the victim that "[e]verything that you spoke on needs to go Houdini"—was admitted into evidence. The district court agreed with the State and imposed a two-year prison sentence. Ash now appeals.

## II.  Consideration of No-Contact Order Violations

A district court "cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up). Relying on an improper consideration in sentencing is an abuse of discretion that requires resentencing, "even if it was merely a secondary consideration." *Id.* at 618 (cleaned up). But a defendant has the burden to "show that the sentencing court relied on improper evidence." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

"When a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is

simply one of the sufficiency of the record to establish the matters relied on." *Schooley*, 13 N.W.3d at 618 (cleaned up); *see also State v. Longo*, 608 N.W.2d 471, 474–75 (Iowa 2000) (holding that district court could rely on its conclusion that the defendant engaged in criminal offense on which the jury did not convict "[b]ased on sworn testimony that the judge had heard," reasoning that "[t]here is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed"); *State v. Fetner*, 959 N.W.2d 129, 135–36 (Iowa 2021) (holding that court properly consider criminal activity admitted in defense counsel's statements at sentencing left uncorrected by defendant but improperly speculated about related activity unsupported by any "facts before the court").

Ash argues that the district court improperly considered unproven offenses—Ash's violations of the no-contact order prohibiting him from contacting the victim of this assault. True, the court did consider Ash's violations of the no-contact order in selecting its sentence. The court explained that it was troubled by Ash's inability to "abid[e] by the rules of the Court," and that it considered the conduct "not [as] an issue of punishment for those events" but for "what those acts tell the Court about the defendant's ability to be successful" on probation.

But this conduct was not unproven. The State presented sworn testimony that Ash's assault for which he was being sentenced was a violation of a no-contact order protecting the victim entered after Ash's first assault of that victim. So too did it present testimony that he violated the no-contact order while this case was pending by repeatedly calling the victim. And it submitted a recording of one of those calls urging her to "Houdini" her reports of his conduct. This evidence was

sufficient to establish the conduct that the district court relied on when considering Ash's ability to comply with court orders while on a potential probation sentence. *See Longo*, 608 N.W.2d at 474. The court did not improperly consider this conduct.

### III. Selection of Sentence

We review a district court's discretionary sentencing decisions, including its exercise of discretion whether to suspend a sentence, for an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.* And even when the court would have been justified in imposing the sentence the defendant sought, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Ash argues that "based on his prior history, age, maturity level and criminal history, a prison sentence was not warranted." Essentially, he contends that the court should have weighed the sentencing factors differently to conclude that a suspended sentence was appropriate. *See* Iowa Code § 901.5. But that is not the issue we decide on appeal. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023) ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."). Ash fails to point to any unreasonable or untenable grounds. *See id.* And we see none in the district court's thoughtful explanation of why it considered but rejected Ash's arguments for a suspended sentence:

What the Court is concerned with at this point is imposing a sentence that I think will provide the most benefit to both society and community as well as benefit to the defendant. The concern of the Court is the defendant's ability to be successful on probation, and being successful on probation means abiding by the rules of the Court, which honestly the defendant has not shown an ability to do, which reflects in my mind a disrespect or an idea that it somehow doesn't apply to him.

. . . .

I appreciate that the time he spent in jail has had an effect on him. I think it would have an effect on anybody. I question whether that effect will continue upon release, and I don't have specific behavior presented to me that suggests that is going to be the case. The victim in this case was an intimate partner, mother of his child, and that did not affect his behavior to not assault her. I think that the defendant has to understand the consequences, and I am looking to impose a sentence that will do that, that will effect a change in behavior.

Because the district court did not abuse its discretion in exercising this sentencing judgment, we affirm Ash's sentence.

**AFFIRMED.**