# IN THE COURT OF APPEALS OF IOWA

No. 24-1760
Filed December 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JIMMY PROPHETE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Justin Lightfoot, Judge.


        A defendant appeals his sentences for attempted murder and willful injury causing serious injury. **AFFIRMED.**


        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

        Brenna Bird, Attorney General, Nicholas Siefert, Assistant Attorney General, and Samantha Stewart, certified law student intern, for appellee.


        Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**LANGHOLZ, Judge.**

Jimmy Prophete asked his ex-girlfriend—the mother of his unborn child—to meet him early one April morning with the promise of cash for her medical bills. When she agreed and he arrived at her apartment—with a credit-union envelope stuffed with cut-up parts of a newsprint ad—he immediately pulled her outside, strangled her, and pushed her to the ground. He then pulled out a knife and stabbed her repeatedly. And he struck her in the head with a hammer twice. Her screams awoke a neighbor who yelled at Prophete to stop—causing Prophete to flee. A jury eventually convicted Prophete of attempted murder, willful injury causing serious injury, and domestic abuse assault with intent to inflict serious injury. *See* Iowa Code §§ 707.11(1)–(2), 708.4(1), 708.2A(1), (2)(c) (2023). It also acquitted him of a fourth charge—going armed with intent. *See id.* § 708.8.

At sentencing—before the same district judge who presided at his trial—the State argued for a twenty-five-year prison sentence with a seventy-percent mandatory minimum on the attempted-murder conviction with lesser prison sentences on the other two convictions—ten years for willful injury and two years for domestic abuse assault—that would be served concurrently. Prophete agreed that any "sentences should run concurrently" and asked the court "to impose the minimum sentences possible" for each conviction. The court imposed the sentences on each offense proposed by the State but decided to run the attempted-murder and willful-injury sentences consecutively rather than concurrently for a total sentence of thirty-five years. The court explained its reasoning for deviating from the parties' recommendations in detail:

First, I recognize, as [the prosecutor] stated, that these counts involve the same event and the same victim.

I also recognize, as [Prophete's attorney] pointed out, the defendant's lack of criminal history.

But a person can commit attempted murder without also committing the crime of willful injury causing serious injury; they are separate things.

Defendant attempted to take the life of another person, but in doing so caused serious injuries and harm to that person that have been long lasting.

And I find that consecutive sentences for Counts 1 and 2 are necessary based on the extremely violent and aggravating nature of the offense.

The fact the defendant is not remorseful.

And just the vicious nature of the attack with multiple weapons.

The harm to the victim.

And especially the fact that defendant lured the victim out with the envelope of fake money.

To the Court, this shows premeditation and was not something that happened in the heat of the moment.

Based on all of those factors, I believe the defendant presents an ongoing danger and consecutive sentences are necessary to achieve the goals at sentencing.

Earlier in the sentencing hearing—when explaining the factors it considered in selecting the individual prison sentences imposed for each offense—the court elaborated on its finding that the offenses were premeditated: "Based on the trial evidence, it appears to me that the defendant intentionally put newspaper clippings in a bank envelope to make it appear that there was cash to lure the victim out to a spot where he could attack her."

Prophete now appeals the sentences for attempted murder and willful injury causing serious injury. He argues that the district court abused its discretion by considering two impermissible factors in deciding to impose the sentences consecutively. First, when the court reasoned that the two offenses "are separate things" despite occurring in the same incident with the same victim. And second,

when relying on factual circumstances showing premeditation despite the jury acquitting the defendant of going armed with intent.

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

*The Nature of the Separate Offenses*. Prophete first argues that the district court's rejection of the parties' arguments that concurrent sentences were more appropriate because the offenses involved the same victim and arose from the same incident was untenable. According to Prophete, the court's reasoning that "a person can commit attempted murder without also committing the crime of willful injury causing serious injury; they are separate things" conflicts with the factual circumstances here because "the underlying factual basis for each Count is the same in this case."

We see nothing untenable in the court's reasoning rejecting this argument for concurrent sentences. For starters, it is a correct statement of the law. Even Prophete concedes that imposing consecutive sentences for attempted murder and willful injury does not violate double jeopardy or the merger doctrine. *See Krogmann v. State*, 914 N.W.2d 293, 325 (Iowa 2018) (rejecting argument that consecutive sentences should be prohibited under those doctrines where "under the facts of [the defendant's] case, he could not have committed attempted murder

without also committing willful injury" because it was contrary to the longstanding precent that we consider only "the legal elements" and not "the facts of a particular case" (cleaned up)). And our supreme court has explained that otherwise, consecutive sentences may be imposed for "[s]eparate and distinct offense[s]" even if "the several offenses were committed in the course of a single transaction." *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976) (cleaned up). So it was not untenable for the court to note that the nature of each offense is different—one focused on trying "to take the life of another person" and the other on causing "serious injuries and harm to that person"—and to decide that the commission of both offenses thus warranted a longer sentence than only one. *See Gordon*, 998 N.W.2d at 862 (noting that, among other factors, "the court must consider the nature of the offense" when selecting "the appropriate sentence" (cleaned up)).

*Factual Circumstances Showing Premeditation.* Prophete next argues that the court's reliance on the evidence from trial that the offense was premeditated "is inconsistent with and ignores the jury's verdict acquitting" Prophete of going armed with intent. He contends—based on his view that other elements of the offense "were definitely proven"—that the jury must have found that Prophete did not have specific intent to use a weapon against the victim.

This argument also lacks merit. Even if we were to accept Prophete's logic that the acquittal on the going-armed-with-intent charge is inconsistent with the court's finding that he acted with premeditation in strangling the victim, stabbing her with a knife, and striking her with a hammer, that does not prevent the court from relying on the court's contrary factual findings from the evidence it also heard. *State v. Longo*, 608 N.W.2d 471, 474–75 (Iowa 2000) ("We are convinced that a

sentencing judge is not required to deviate from the judge's own characterization of the nature of a crime committed based on sworn testimony simply because the jury has characterized the offense differently."). Sworn witness testimony and exhibits introduced at trial supported the court's findings that Prophete's attack of the victim was premeditated. So the court did not improperly consider unproven criminal activity. *See id.*

The district court did not abuse its discretion in imposing consecutive sentences. We thus affirm Prophete's sentences.

**AFFIRMED.**