# IN THE COURT OF APPEALS OF IOWA

———————

No. 24-1674
Filed January 7, 2026

———————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Milton Andrew Bokemeyer,**
Defendant–Appellant.

———————

Appeal from the Iowa District Court for Buchanan County,
The Honorable Joel Dalrymple, Judge.

———————

**AFFIRMED**

———————

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

———————

Considered without oral argument
by Tabor, C.J., and Greer and Buller, JJ.
Opinion by Greer, J.

**GREER, Judge.**

On Milton Bokemeyer's first appeal, a panel of our court found insufficient evidence to support several of his convictions and concluded he was entitled to a resentencing hearing on his three remaining convictions for possession of methamphetamine, possession with the intent to manufacture or deliver marijuana while in possession of a firearm, and possession of a firearm by a felon. *State v. Bokemeyer*, No. 22-1988, 2024 WL 2035589, at *2–4, *6–8 (Iowa Ct. App. May 8, 2024). Our court remanded the case to the district court for resentencing. After the district court resentenced Bokemeyer, he appealed. On appeal, Bokemeyer asserts the court abused its discretion by considering improper factors and by reimposing his prior sentence.

After reviewing the record, we find that the sentencing court did not abuse its discretion and that Bokemeyer failed to prove a defect in the resentencing process. We affirm.

## I. Background Facts and Proceedings.

After obtaining a tip from a woman who occasionally stayed at Bokemeyer's cabin and used methamphetamine with him there, the Buchanan County Sheriff's Office obtained a warrant to search the residence. On July 29, 2021, deputies searched the cabin, where "they found methamphetamine, two unprocessed marijuana plants, mushrooms, and a firearm." *Id.* at *1. Following the search, Bokemeyer was charged with several crimes:

> ([I]) delivery or possession with intent to deliver more than five grams of methamphetamine while in possession of a firearm; ([II]) failure to affix a drug tax stamp (methamphetamine); ([III]) possession with intent to deliver psilocybin while in possession of a firearm; ([IV]) failure to affix a

2

drug tax stamp (psilocybin); ([VI]) manufacturing marijuana while in possession of a firearm; ([VII]) failure to affix a drug tax stamp (unprocessed marijuana plant); ([VIII]) possession of a firearm by a domestic-violence offender; and ([IX]) possession of a firearm by a felon. Before the case was submitted to the jury, Bokemeyer stipulated to being a "prohibited person" and a felon for the last two charges. He also stipulated to second-offense and habitual-offender enhancements for the drug charges.[1]

*Id.* (cleaned up).

At trial, the jury found Bokemeyer guilty of the lesser crimes of possession of methamphetamine and psilocybin on counts I and III, respectively. The jury convicted him as charged for the remaining offenses. The sentencing court sentenced him to two consecutive terms, a thirty-year prison term for count VI and a fifteen-year prison term for count IX; all other sentences were to be served concurrently with the forty-five-year term, with a mandatory minimum sentence of nine years.

Bokemeyer appealed his convictions for possession of psilocybin, failure to affix drug stamps, and possession of a firearm. Our court affirmed counts I, VI, and IX; reversed the remaining convictions and vacated their sentences; and remanded the case for resentencing. *Id.* at *8. At resentencing, the court reimposed the forty-five-year prison term with mandatory nine-year minimum sentence. Bokemeyer appeals.

## II. Standard of Review.

We review the district court's sentence for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not disturb a sentence unless the defendant shows an abuse of discretion or a defect in the

---

[1] The State dismissed count V, possession with the intent to deliver hydrocodone, because Bokemeyer possessed a valid prescription for the pills.

sentencing procedure. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted).

### III. Analysis.

Bokemeyer raises two claims on appeal. He argues the district court (1) considered improper factors when determining his sentence and (2) abused its discretion in reimposing the forty-five-year sentence. We consider each argument in turn.

**A. Improper Factors.** First, Bokemeyer contends the sentencing court considered improper factors by incorporating its reasoning from the initial sentencing hearing, which referred to Bokemeyer's residence as a "flop house" for drug users. "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Formaro*, 638 N.W.2d at 725. To that end, Bokemeyer contends our supreme court should retain his case and overrule *State v. Longo*, 608 N.W.2d 471 (Iowa 2000), which allowed a sentencing court to consider evidence related to criminal conduct presented at trial under a lower standard of proof at sentencing. *Id.* at 474–75. We cannot accept that invitation. See *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). So, we review the improper-factor challenge to see if the sentencing court relied upon unproven charges at the sentencing where there were no supporting facts.

4

The same judge oversaw the trial and both of Bokemeyer's sentencing hearings. At the initial sentencing, the court offered the following justifications for Bokemeyer's sentence:

> The court will impose the $430.00 fine in Counts I and III. Those fines can't be suspended. The court will impose the 365[-day] jail sentence. In the Drug Tax Stamp violations of II, IV, and VII the court will impose a fifteen-year term with a mandatory three [years]. Because the fact that those are habitual felon enhanced, there will be no fines. Similarly with regard to Counts VIII and IX, the court will impose a fifteen-year term with a mandatory three years, and no fine.

> The real issue is how the court will interpret Count VI and the calculations here by way of concurrent and consecutive time. I am going to—I recognize the law as it relates to the fact that this is a fifteen-year term in light of the habitual felon application with no fine. Because it's a second offender, that doubles it, the fifteen years, with then making it a mandatory six. The prior convictions by way of second offender triples it and can make that upwards of ninety years with an eighteen-year mandatory minimum. Recognizing all of that, contemplating the mitigating circumstances in this case, the issues that you have outlined for me, the recommendations from your attorney as well as [a previous attorney], that I know to be an attorney but otherwise an individual of this community, I am only going to impose a thirty-year sentence with a six-year mandatory minimum. That said, I am going to run Count IX consecutive to this because of the use of the firearm or the possession of a firearm and you being a prohibited person because of your addiction, because of your prior felony—or I should say felonies, plural. Each and every one of those bars you from having possession of a firearm, and the possession of the firearm in this particular scenario does warrant a consecutive term. So in sum, the court is going to be imposing a forty-five-year sentence with a nine-year mandatory minimum. All other counts will run concurrently with one another.

Likewise, at the initial sentencing hearing, the sentencing court noted it considered:

> the nature of the offense, the attending circumstances, your age, your character, and your propensities or chances for reform. Again, I find this

to be appropriate given the nature of this offense, the repeated nature of these offenses given the fact that this is technically your third lifetime offense having been down this road before with regard to felony drug offenses.

At resentencing, the State urged that the "same rationale exists [for the sentences] as it did before for the sentencing" and asked the court to impose the same sentence as previously ordered. Based on the record, the sentencing court made clear that it eliminated the vacated convictions from its consideration during the resentencing:

> *[c]onsistent with the Court's reasoning in the prior sentencing the appellate matters do not affect*, I will impose a 365-day jail sentence, a thirty-year prison sentence, and a [fifteen]-year prison sentence. Based upon the reasons outlined in the first sentencing, I do find that the consecutive terms of six and nine remain appropriate given the extensive prior criminal history and the fact that this is a firearm offense.

(Emphasis added.)[2] *See State v. Kaye*, No. 23-0216, 2025 WL 702003, at *2 (Iowa Ct. App. Mar. 5, 2025) (affirming a sentence where the district court expressly disclaimed its consideration of an unproven robbery charge).

Still, Bokemeyer takes issue with the imposition of the exact same sentence and points to the sentencing court's comments from the initial sentencing hearing that he contends showed consideration of improper factors. In the initial sentencing hearing, the court stated:

> Because I have imposed a consecutive term, I'm required to state on the record why I'm imposing a consecutive term. And, again, the fact that you are prohibited from having a firearm by way of your multiple prior felony convictions, given the circumstances of the house, the conditions of this residence, I should say, where all of these drugs were found, the court's perspective, having listened to the evidence at trial, that this is a flop house

---

[2] The district court mistakenly said "five-year," but later corrected itself in the record.

> utilized by numerous drug users within the community, the presence of that firearm was not only illegal but extremely dangerous.

(Emphasis added.) The sentencing court did not again reference a "flop house" in the resentencing but noted that the original sentence was still appropriate given that this was a firearm offense and Bokemeyer's lengthy criminal history.

With respect to the flop house argument, Bokemeyer urges us to find the district court's characterization of his residence as a "flop house"[3] shows the court relied on the improper inference Bokemeyer delivered drugs to "numerous drug users." Bokemeyer contends there was no evidence presented at trial to support the court's characterization that the cabin was a "hotel or rooming house" or that it was "utilized by numerous drug users within the community." Noting that the jury acquitted Bokemeyer of the charge of delivery of methamphetamine, he argues that we should find that "use of acquitted conduct at sentencing violates a defendant's constitutional rights to due process and a jury trial under both the U.S. and Iowa Constitutions" or "[a]lternatively, the Court should use its inherent, supervisory and administrative powers to prohibit district courts from using acquitted conduct when determining the appropriate sentence for a defendant."

The court's statement that the cabin was a flop house was not made in reference to Bokemeyer's delivery of methamphetamine to those visiting his residence, which the jury rejected as a charged crime. Instead, the court made the comment when discussing Bokemeyer's possession of a firearm, which was made more dangerous by the presence of drugs, and individuals

---

[3] Meaning "a cheap low-grade rooming house or hotel." *Flophouse*, Webster's Third New International Dictionary (3rd ed. 2002).

7

using drugs, at the cabin. As developed at trial, the tipster testified that before she tipped off the deputies, she smoked methamphetamine with one other person at the cabin, who had driven her there the day the deputies picked her up. The tipster noted that her driver had been to the cabin before and that he also had a drug problem, along with her and Bokemeyer. Several photographs of the condition of the cabin with drug paraphernalia and other controlled substances, including small baggies of methamphetamine, scattered throughout the property were entered in evidence during the trial. Weapons were found at the cabin. And, the investigating deputy testified the amount of methamphetamine at the property exceeded that typically found for personal use.

The sentencing court could consider the activity at the cabin that was presented in the trial testimony during the sentencing. The record evidence allowed for the inference the sentencing court made. *See Longo*, 608 N.W.2d at 474–75 ("[A] sentencing judge is not required to deviate from the judge's own characterization of the nature of a crime committed based on sworn testimony simply because the jury has characterized the offense differently."). Viewing the sentencing court's statement in context, we conclude the court was expressing its concern about the inherent danger posed by having a gun at a residence where individuals were using drugs rather than inferring the occurrence of a separate crime. *See State v. Garner*, No. 22-0753, 2023 WL 2674102, at *2 (Iowa Ct. App. Mar. 29, 2023) (finding that while the district court's statement could imply the consideration of an unproven charge, the surrounding context showed a different intent). Finally, "[w]e will not draw an inference of improper sentencing considerations which are not apparent from the record," thus we reject the argument that the district court considered improper factors. *Formaro*, 638 N.W.2d at 725.

**B. Sentencing Discretion.** Bokemeyer further asserts the district court abused its discretion by reimposing the forty-five-year sentence. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.* at 724. When reviewing for abuse of discretion, "we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Hopkins*, 860 N.W.2d at 554.

Bokemeyer does not dispute that the forty-five-year term was within the purview of the court but contends the sentence was excessive considering his age and rehabilitative progress. To his credit, Bokemeyer completed a drug treatment program, along with other recovery programming, and told the district court about other treatment options he would access upon his release from prison. He also had been paying fines related to one of the dismissed counts. But because the court imposed a sentence within its discretion and Bokemeyer has not established that the court relied on an improper factor to do so, we find the sentencing court did not abuse its discretion in reimposing his original sentence. *See State v. Schmitz*, No. 18-1776, 2020 WL 564826, at *2 (Iowa Ct. App. Feb. 5, 2020). And as the State noted, "although Bokemeyer's convictions for five counts had been dismissed in the [first] appeal, the district court originally imposed those sentences concurrently to one another and the sentences imposed for counts one, six, and nine remained."

The sentencing court's decision was not based on grounds clearly untenable or unreasonable. *See Hopkins*, 860 N.W.2d at 554–56 (holding a district court did not abuse its discretion when it made no changes to a defendant's sentence other than the removal of a vacated sentence). Given the latitude provided to the sentencing court under our case law, we find no

abuse of discretion related to the sentence imposed here. *See State v. Fetner*, 959 N.W.2d 129, 133–34 (Iowa 2021).

### IV. Conclusion.

Because we find the sentencing court did not rely on an improper factor and did not abuse its discretion, we affirm Bokemeyer's sentence.

**AFFIRMED.**